IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, COMMONWEALTH OF KENTUCKY, STATE OF OHIO, STATE OF INDIANA, COMMONWEALTH OF VIRGINIA, and STATE OF WEST VIRGINIA, <br><br> *Plaintiffs*, <br><br> v. <br><br> MIGUEL CARDONA, in his official capacity as Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION, <br><br> *Defendants*. | Case No. 2:24-cv-00072-DLB-CJS <br> District Judge David L. Bunning <br> Magistrate Judge Candace J. Smith |

**THE STATES' MOTION FOR A § 705 STAY AND PRELIMINARY INJUNCTION**

The Plaintiff States challenge the U.S. Department of Education's recently published regulations redefining the scope of Title IX of the Educational Amendments Act. *See* Doc. # 1-2, U.S. Dep't of Educ., Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024) ("Final Rule"); *see also* Doc. # 1. The Final Rule purports to effectuate Title IX's central nondiscrimination provision, which prohibits discrimination based on "sex" in federally funded education programs and activities. 20 U.S.C. § 1681(a). But in reality, the Rule distorts that provision's plain text by reading it to require schools to protect their students' purported "gender identity," among many other "sex-based" characteristics. The Final Rule further adopts a definition of prohibited "harassment" that will punish students and teachers who fail to abide by this gender-identity mandate.

The resulting regime would give almost anyone on a school's campus—from preschools through graduate schools—an unfettered right to use whatever bathroom, locker room, or other sex-

1

separate facility he or she chooses. And it would require dissenters to submit or risk Title IX sanctions. The States now seek immediate relief from the Final Rule's novel requirements, which take effect on August 1, 2024, and which will inflict immense and imminent irreparable harm on the States, their schools, and their citizens.

Relief is warranted. *First*, the States are likely to prevail in their challenge because the Department's Final Rule defies Title IX's plain meaning, constitutional limits on the agency's authority, and the Administrative Procedure Act ("APA")'s requirements. Title IX's text and longstanding regulations are replete with provisions treating "sex" as a binary—male, female—and allowing sex-separated facilities and programs. These provisions are grounded in "enduring" "physical differences" between the sexes, *United States v. Virginia*, 518 U.S. 515, 533 (1996), and the provision for separate "living facilities" protects each sex's "personal privacy." 118 Cong. Rec. at 5,807 (statement of Sen. Birch Bayh) (referencing 20 U.S.C. § 1686). The Final Rule thus exceeds the Department's statutory authority by prohibiting schools from maintaining these sex-based bounds and compelling them to accommodate gender-identity notions that Title IX does not protect. Nor does the U.S. Supreme Court's opinion in *Bostock* require a different conclusion: As Sixth Circuit precedents "make clear," *Bostock*'s reasoning "applies only to Title VII." *L.W. ex rel. Williams v. Skrmetti*, 73 F.4th 408, 420 (6th Cir. 2023).

The Final Rule also transgresses constitutional limits by purporting to condition billions in States' educational funding on compliance with a novel and controversial gender-identity regime. The Final Rule's cursory response to key comments and self-contradictory reasoning likewise fails baseline administrative-law requirements for reasoned decision-making. Indeed, the Department has chosen to leave conflicting regulations on the books, including those governing athletics—the most politically unpopular aspect of requiring accommodation of students' subjective gender identity, since it

obliterates fairness in women's sports. Any one of those legal flaws independently warrants vacating the Final Rule. Together, they underline that the Department is legislating from the executive branch.

*Second*, allowing the Final Rule to take effect during the course of the litigation would inflict multiple irreparable harms on the States. In the absence of interim relief, the regulations will impose unrecoverable compliance costs and require compliance with regulations that conflict with States' duly-enacted laws protecting privacy, safety, and women's achievement, in derogation of State sovereignty. Many of these compliance costs will be incurred in the next several months as State schools and other Title IX recipients revise policies, conduct trainings, and incur other expenses to comply with the Department's Title IX overhaul.

*Third* and *fourth*, the requested preliminary relief would not harm the Department and if anything furthers the public interest. The Department cannot credibly claim to be harmed by maintaining the status quo of allowing sex-separated spaces and programs in schools for a few more months, since the Department for decades understood that system to comply with Title IX. If anything, the balance of equities favors permitting the States to continue enforcing laws that protect students' privacy, ensure women's educational and athletic opportunities, and vindicate the promise of Title IX's prohibition of discrimination on the basis of "sex."

The States move for preliminary relief under the APA, 5 U.S.C. § 705, which allows courts to stay the effective date of a challenged rule pending judicial review, as well as under Federal Rule of Civil Procedure 65. Specifically, the States request entry of an order:

a) Declaring the Final Rule's redefinition of sex discrimination, including its revision of the sexual-harassment regulations, unlawful under Title IX, the Administrative Procedure Act, and the U.S. Constitution;

b) Staying the effective date of the Department's Final Rule under 5 U.S.C. § 705, and thus denying it legally operative effect, during the pendency of these proceedings;

  c)  Preliminarily enjoining the Department, and any other agency or employee of the United States, from enforcing, relying on, implementing, or otherwise acting pursuant to the Final Rule's challenged provisions; and

  d)  Granting any and all other preliminary relief the Court deems just and proper.

The States further request that this Court exercise its discretion to waive the security requirement of Federal Rule of Civil Procedure 65(c). No security requirement attends a stay under 5 U.S.C. § 705.

The States are contemporaneously filing an emergency motion requesting expedited briefing and resolution of this motion for preliminary relief. The States will serve all filings on contacts for the Department, as well as provide them via-email to attorneys at the Department of Justice who recently participated as counsel for the Department in a prior Title IX matter.

| | |
|---|---|
| Dated: May 3, 2024 | Respectfully submitted, |
| **RUSSELL COLEMAN**<br>　Attorney General | **JONATHAN SKRMETTI**<br>　Attorney General and Reporter |
| _/s/ Lindsey R. Keiser_<br>JUSTIN D. CLARK<br>　Civil Chief<br>VICTOR B. MADDOX<br>　Counsel for Special Litigation<br>LINDSEY R. KEISER<br>　Assistant Attorney General<br>**Kentucky Office of the Attorney General**<br>700 Capital Avenue, Suite 118<br>Frankfort, Kentucky 40601<br>(502) 696-5300<br>victor.maddox@ky.gov<br>justind.clark@ky.gov<br>lindsey.keiser@ky.gov<br><br>_Counsel for the Commonwealth of Kentucky_ | _/s/ Whitney D. Hermandorfer_<br>J. MATTHEW RICE*<br>　Solicitor General<br>WHITNEY D. HERMANDORFER*<br>　Director of Strategic Litigation<br>STEVEN J. GRIFFIN*<br>　Senior Counsel for Strategic Litigation &<br>Assistant Solicitor General<br>VIRGINIA N. ADAMSON*<br>　Counsel for Strategic Litigation &<br>Assistant Solicitor General<br>BRIAN DANIEL MOUNCE*<br>　Counsel for Strategic Litigation &<br>Assistant Solicitor General<br>**Office of the Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>(615) 741-3491<br>matt.rice@ag.tn.gov<br>whitney.hermandorfer@ag.tn.gov<br>steven.griffin@ag.tn.gov<br>jenna.adamson@ag.tn.gov<br>brian.mounce@ag.tn.gov<br><br>_Counsel for the State of Tennessee_ |

<div style="display: flex;">

**THEODORE E. ROKITA**
  Attorney General

*/s/ James A. Barta*
JAMES A. BARTA*
  Solicitor General
CORRINE L. YOUNGS*
  Policy Director and Legislative Counsel
JOSHUA DAVID*
  Deputy Attorney General - Policy
**Indiana Attorney General's Office**
IGCS – 5th Floor
302 W. Washington St.
Indianapolis, IN 46204
(317) 232-0709
james.barta@atg.in.gov
corrine.youngs@atg.in.gov
joshua.david@atg.in.gov

*Counsel for the State of Indiana*

</div>

**DAVE YOST**
  Attorney General

*/s/T. Elliot Gaiser*
T. ELLIOT GAISER*
  Solicitor General
MATHURA SRIDHARAN*
  Deputy Solicitor General
**Office of the Ohio Attorney General**
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
(614) 466-8980
thomas.gaiser@ohioago.gov
mathura.sridharan@ohioago.gov

*Counsel for the State of Ohio*


**JASON S. MIYARES**
  Attorney General

*/s/ Kevin M. Gallagher*
KEVIN M. GALLAGHER*
  Principal Deputy Solicitor General
BRENDAN T. CHESTNUT*
  Deputy Solicitor General
**Virginia Attorney General's Office**
202 North 9th Street
Richmond, Virginia 23219
(804) 786-2071
kgallagher@oag.state.va.us
bchestnut@oag.state.va.us

*Counsel for the Commonwealth of Virginia*


**PATRICK MORRISEY**
  Attorney General

*/s/ Michael R. Williams*
MICHAEL R. WILLIAMS*
  Principal Deputy Solicitor General
**Office of the West Virginia Attorney General**
State Capitol, Bldg. 1, Room E-26
1900 Kanawha Blvd. E.
Charleston, West Virginia 25305
304-558-2021
michael.r.williams@wvago.gov

*Counsel for the State of West Virginia*

## CERTIFICATE OF SERVICE

I certify that on May 3, 2024, the above document was filed with the CM/ECF filing system and sent via regular U.S. mail, postage prepaid, to:

**Miguel Cardona**
United States Department of Education
400 Maryland Avenue SW
Washington, D.C. 20202

**United States Department of Education**
400 Maryland Avenue SW
Washington, D.C. 20202

> */s/ Lindsey R. Keiser*
> Lindsey R. Keiser