**Exhibit H**

The States' Motion for a § 705 Stay and Preliminary Injunction

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| STATE OF TENNESSEE, COMMONWEALTH OF KENTUCKY, STATE OF OHIO, STATE OF INDIANA, and STATE OF WEST VIRGINIA,<br><br>*Plaintiffs*,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Civil Action No. 2:24-cv-72 |

## DECLARATION OF JOSH GARRISON

Pursuant to 28 U.S.C. § 1746, I, Josh Garrison, duly affirm under penalty of perjury as follows:

1. I am over 18 years of age, have personal knowledge of the matters set forth herein, and am competent to make this Declaration.

2. My name is Josh Garrison, and I serve as the Chief of Staff for the Indiana Commission for Higher Education. I have worked for the Commission since 2014 and served in my current role since 2023. My responsibilities include leading the management, oversight, and accountability for the Commission for Higher Education's people, processes, and programs which include academic program approval, student- and institution-level data collection, capital and facilities projects, and the distribution of student financial aid.

1

3. The Indiana Commission for Higher Education was created in 1971 by the Indiana General Assembly to achieve coordination and foster unity with regard to higher education in the State. The Commission defines the educational missions of public colleges and universities; plans and coordinates Indiana's state-supported system of post-high school education, taking into account the plans and interests of independent colleges and universities; reviews both operating budget and capital budget appropriation requests from public institutions; approves or disapproves for public institutions the establishment of any new branches, campuses, extension centers, colleges or schools; approves or disapproves for public institutions the offering of any additional associate, baccalaureate or graduate degree or certificate program of two semesters or more in duration; reviews all programs of public institutions and make recommendations to the governing board of the institution, the Governor, and the General Assembly concerning the funding and the disposition of these programs; and distributes student financial aid from state aid programs.

4. There are currently 7 public institutions of higher learning, including 6 public universities and 1 community college—encompassing 45 total campuses and satellite campuses across the State.

5. Indiana's public higher education institutions are arms of the State and alter egos of Indiana.

6. All of Indiana's public higher education institutions receive federal funds and are subject to the requirements of Title IX.

7. Public higher educational institutions in Indiana received nearly $1,500,000,000 in federal Title IV funds in Fiscal Year 2022-23, including over $1,100,000,000 in student loans and nearly $370,000,000 in grants subjecting them to Title IX.

8. Indiana's public higher education institutions use federal funds for many purposes, including:

    a. Student loans;

    b. Student grant aid (scholarships);

    c. Research and service;

9. If any program or activity at one of Indiana's public higher education institutions is determined not to be in compliance with the requirements of Title IX, the U.S. Department of Education may terminate federal funding to that program or activity.

10. The loss of federal funds to Indiana's public higher education institutions would require these institutions to either eliminate certain educational services currently offered using federal funds or to seek new funding to pay for those services. In the latter case, such services might need to be paused while new funding is obtained. Additionally, students who currently rely on federal funds to attend Indiana public higher education institutions could be forced to interrupt their education, potentially leading to disenrollment or even abandonment of their pursuit of a degree, workforce certification, or other educational attainment.

11. Title IX fund recipients must generally incur costs to comply with a federal rule implementing Title IX. Updating policies to conform with new Title IX regulations would place an unnecessary burden across Indiana higher educational institutions for schools to receive federal funding. These policy updates would take time and fiscal resources away from educating students and require training for employees and Title IX Coordinators.

12. Because the U.S. Department of Education plans to finalize its recent proposed Title IX rule, published at 87 Fed. Reg. 41390 (July 12, 2022), with an effective date of August 1, 2024, the Indiana's public colleges and universities will incur greater time and costs associated

with Title IX training this year than in a year in which the U.S. Department of Education did not revise its Title IX rules.

      13.     I declare under penalty of perjury that the foregoing is true and correct.

_____
Josh Garrison

Dated: May 3, 2024