**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

|  |  |
|---|---|
| STATE OF TENNESSEE, *et al.,*<br><br>        Plaintiffs,<br><br>        v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>        Defendants. | Case No. 2:24-cv-00072-DLB-CJS<br>District Judge David L. Bunning<br>Magistrate Judge Candace J. Smith |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY**
**MOTION FOR BRIEFING SCHEDULE AND HEARING**
**AND DEFENDANTS' CROSS-MOTION FOR EXTENSION OF TIME**

Defendants, the United States Department of Education and its Secretary, Miguel Cardona, respectfully oppose Plaintiffs' "emergency" motion for briefing schedule and hearing. ECF No. 20. Plaintiffs set forth no explanation of why they require an expedited timeline, or why this Court's default 21-day response deadline applicable to their Motion for § 705 Stay and Preliminary Injunction ("motion for preliminary injunction") would be insufficient to meet their needs. Indeed, the Final Rule that Plaintiffs challenge will not be effective until August 1, 2024, 89 Fed. Reg. 33,474 (April 29, 2024), nearly three months from today. Moreover, the numerous issues raised in Plaintiffs' motion for preliminary injunction will require substantial intra-agency and inter-agency coordination and review by the Department of Justice and the Department of Education. Accordingly, in addition to opposing Plaintiffs' emergency motion, Defendants respectfully cross-move for a ten-day extension of time, from May 28 to June 7, 2024, to respond to Plaintiffs' motion for a preliminary injunction.

1

1.      On April 19, 2024, The Department of Education (Department) announced its intention to promulgate the Final Rule and released its unofficial text on its website.  Final Rule (unofficial   version),   https://www2.ed.gov/about/offices/list/ocr/docs/t9-unofficial-final-rule-2024.pdf.

2.      Accordingly, on April 29, 2024, the Final Rule was published in the Federal Register.  *See generally*, 89 Fed. Reg. 33,474.

3.      Plaintiffs filed their 81-page complaint in this case shortly thereafter.  Complaint, ECF No. 1.

4.      On May 3, 2024, Plaintiffs served by mail a motion for a § 705 stay and preliminary injunction. Pls.' Mot. § 705 Stay and Prelim. Inj. (Pls.' PI Mot.), ECF No. 19; *see id.* at 28 (Certificate of Service).

5.      Pursuant to Local Civil Rule 7.1(c) and Rules 6(a)(1)(C) and 6(d) of the Federal Rules of Civil Procedure, Defendants' response to Plaintiffs' motion for preliminary injunction is currently due May 28, 2024.

6.      In an attempt to shorten this default time limit, Plaintiffs filed an "emergency" motion for briefing schedule and hearing.  Pls.' Em. Mot. Sched. (Pls.' Sched. Mot.), ECF No. 20.  Plaintiffs seek to shorten Defendants' time to respond to their preliminary injunction motion by 11 days until May 17, 2024.  Pls.' Sched. Mot.

7.      Plaintiffs' "emergency" motion does not explain why their dramatically shortened expedited schedule is necessary.  Plaintiffs acknowledge that the Final Rule will "become[] effective on August 1, 2024," nearly three months from today.  Pls.' Sched. Mot. ¶ 2.  At most, Plaintiffs state in a conclusory manner that they are seeking to expedite the preliminary injunction briefing schedule "[t]o ensure that the Court can consider the merits of this matter fully before the

Final Rule becomes effective—and to minimize irreparable harms to the States and their citizens."
*Id.* ¶ 6. But Plaintiffs do not explain why the default schedule—under which briefing on the preliminary injunction motion would be complete by mid-June—would not suffice to meet this goal, nor do they explain why their interests will be impaired absent expedition of the briefing schedule and hearing.

8.    While Plaintiffs refer vaguely to "compliance costs before the effective date," Pls.' Sched. Mot. ¶ 5, they do not explain what these costs are, when specifically such costs are expected to be incurred, or why such expected costs should even allegedly necessitate expedition of the briefing schedule, particularly in light of the fact that the Final Rule is not set to take effect until August 1, 2024.  Nor do Plaintiffs identify any legal authority supporting their request to shorten Defendants' response time.  *Cf. Mallory v. Miller*, No. 3:20-CV-P249-RGJ, 2021 WL 11629779, at *1 (W.D. Ky. Mar. 3, 2021) (denying motion to shorten briefing schedule where, among other issues, "[t]he motion cites no legal authority for expediting the briefing and hearing in this case"); *Johanneman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. CIV. A. 92-517, 1993 WL 835533, at *6 (E.D. Ky. Feb. 25, 1993) ("However, Plaintiffs provide no authority for this motion [to shorten the response time to a motion]; therefore, it will be denied.").

9.    For these reasons, the Court should deny Plaintiffs' emergency motion.

10.    Further, Defendants also respectfully seek a ten-day extension of time, from May 28 to June 7, 2024, to respond to Plaintiffs' motion for a preliminary injunction. Plaintiffs' motion includes 15 exhibits comprising over 100 pages. Plaintiffs' claims and arguments in support of their motion for preliminary injunction implicate both constitutional and statutory questions, and Plaintiffs take issue with multiple portions of the challenged Final Rule, which is 422 pages long. Additional time is necessary for Defendants to fully evaluate Plaintiffs' claims and to address these

important issues, as well as to allow time for the requisite coordination and intra- and inter-agency review. Thus, a ten-day extension would permit Defendants to prepare a response to the preliminary injunction motion in a manner that would be of maximum assistance to the Court.

11.     Moreover, Defendants' counsel currently face several other cases challenging the Final Rule, as well as other professional obligations on their time, in addition to preexisting conflicts related to the intervening Memorial Day Holiday.

12.     At the same time, a ten-day extension would not interfere with the Court's ability to rule on the preliminary injunction well in advance of the August 1, 2024 effective date. If the Court grants Defendants' motion for an extension, briefing on Plaintiffs' motion for preliminary injunction will be completed by June 21, 2024.[1]

13.     Accordingly, pursuant to Local Civil Rule 7.1(b), Defendants respectfully request that the Court grant them a ten-day extension, from May 28 to June 7, 2024, to file their opposition to Plaintiffs' motion for a preliminary injunction.

14.     Pursuant to Local Rule 7.1(b), Defendants have conferred with Plaintiffs' counsel regarding this motion for extension of time.  Plaintiffs do not consent to Defendants' request and indicate that they intend to file a response/reply.

15.     A proposed order is attached.

---

[1] Local Civil Rule 7.1(c) grants a movant 14 days to file a reply. Thus, if the Court grants Defendants' motion and extends Defendants' response deadline to June 7, Plaintiffs' reply would be due June 21 under the Local Rules. Of course, Plaintiffs would be free to file their reply on a shorter timeline, such as the 7 days proposed in their motion to expedite the briefing schedule.

Dated: May 7, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY B. NESTLER
Assistant Branch Director

*/s/ Pardis Gheibi*
PARDIS GHEIBI (D.C. Bar No. 90004767)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2024, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.


*/s/ Pardis Gheibi*