UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| STATE OF TENNESSEE, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2: 24-072-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MIGUEL CARDONA, in his Official | ) | **ORDER** |
| Capacity as Secretary of Education, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Tennessee, Kentucky, Ohio, Indiana, Virginia, and West Virginia have filed suit challenging the lawfulness of a new rule issued by the United States Department of Education concerning Title IX of the Education Amendments Act of 1972. *See* U.S. Dep't of Educ., Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024). The rule seeks to amend regulations implementing Title IX in an asserted attempt to "clarify the scope and application of Title IX and the obligations of recipients of Federal financial assistance . . . including elementary schools, secondary schools, postsecondary schools, and other recipients . . . to provide an educational environment free from discrimination on the basis of sex, including through responding to incidents of sex discrimination." *Id.* The regulations are scheduled to take effect August 1, 2024.

The plaintiff States have filed a motion for a preliminary injunction and a stay of the rule's effective date pursuant 5 U.S.C. § 705. They also have filed a motion for an expedited briefing schedule, asserting that prompt resolution of this matter is required, as they will begin

incurring nonrecoverable compliance costs prior to the rule's effective date. The defendants not only oppose the plaintiffs' motion for an expedited briefing schedule but have filed a motion for an extension of time in which to respond to the motion for a preliminary injunction/stay. The defendants attempt to discount the States' assertion regarding compliance costs and contend that they (i.e., the defendants) will need extra time to respond to the numerous issues presented in the States' motion.

Having considered the matter, the Court concludes that the States have a legitimate interest in minimizing nonrecoverable compliance costs which they will no doubt begin to incur well before the August 1, 2024 effective date. However, the Court also recognizes that the defendants will need sufficient time to address the complex issues raised in the States' motion. Accordingly, it is hereby

**ORDERED** as follows:

1. The plaintiffs' emergency motion for an expedited briefing schedule [Record No. 20] is **DENIED**.

2. The defendants' motion for an extension of time [Record No. 42] is **DENIED**.

3. The defendants' response to the plaintiffs' motion for a preliminary injunction/stay is due on or before **Friday, May 24, 2024**.

4. The plaintiffs' reply is due on or before **June 7, 2024**.

5. The plaintiffs' motion for a preliminary injunction/stay is scheduled for hearing beginning **Monday, June 10, 2024**, at the hour of **9:00 a.m.**, and continuing as necessary through **Friday, June 14, 2024**. The hearing will take place at the United States Courthouse in **Lexington, Kentucky**.

- 3 -

      6.      The parties are directed to tender to the Court a list of witnesses and a brief description of the anticipated testimony of each witness no later than **Monday, June 3, 2024**. These items may be submitted electronically to Reeves_Chambers@kyed.uscourts.gov.

Dated: May 8, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky