UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| STATE OF TENNESSEE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2: 24-072-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MIGUEL CARDONA, in his Official | ) | **ORDER** |
| Capacity as Secretary of Education, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Six states have filed suit challenging the validity of final rules promulgated by the Department of Education attempting to redefine the meaning of "sex" within Title XI to include gender identity. *See* U.S. Dep't of Educ., Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024). The Christian Educators Association International and A.C., by her next friend and mother Abigail Cross, have filed a motion to intervene as plaintiffs pursuant to Rule 24 of the Federal Rules of Civil Procedure. [Record No. 21]

Rule 24 is construed "broadly . . . in favor of potential intervenors" by right or by permission. *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991). The Sixth Circuit uses four factors to evaluate intervention requests by right, including: (1) timeliness; (2) the intervenors' "substantial legal interest" in the case; (3) impairment of that interest absent intervention; and (4) the parties' ability to adequately represent that interest. *See Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999). In this sense, Rule 24(a)'s "general theme" is that the "burden is

minimal." *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula (Wineries)*, 41 F.4th 767, 774 (6th Cir. 2022).

After reviewing the motion, the undersigned concludes that these factors weigh in favor of intervention because the proposed intervenors—specifically, a religious organization comprised of educators and an active high school athlete in one of the impacted states—have demonstrated substantial and legitimate interests in the outcome of this matter. Further, the Court concludes that a response is not needed before resolving the motion.

Being sufficiently advised, it is hereby

**ORDERED** that the motion to intervene [Record No. 21] is **GRANTED**. The intervenor-plaintiffs may submit a brief in support of the motion for a preliminary injunction no later than **May 16, 2024,** pursuant to the limitations outlined in Local Rule 7.1.

Dated: May 8, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky