**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

| | |
|---|---|
| STATE OF TENNESSEE, *et al.,* <br><br> Plaintiffs, <br><br> and <br><br> CHRISTIAN EDUCATORS ASSOCIATION INTERNATIONAL, *et al.,* <br><br> Intervenor-Plaintiffs, <br><br> v. <br><br> MIGUEL CARDONA, in his official capacity as Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION, <br><br> Defendants. | Case No. 2:24-cv-00072-DCR-CJS <br> District Judge Danny C. Reeves <br> Magistrate Judge Candace J. Smith |

**DEFENDANTS' MOTION FOR CLARIFICATION REGARDING THE
DEADLINE FOR RESPONSE TO INTERVENOR-DEFENDANTS'
MOTION FOR STAY AND PRELIMINARY INJUNCTION
AND
MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS'
MOTION FOR A STAY AND PRELIMINARY INJUNCTION**

On May 16, 2024, the Intervenor-Plaintiffs' filed their own motion for preliminary injunction. The Intervenor-Plaintiffs' new filing injects an array of additional arguments and claims into the preliminary-injunction stage of this case. ECF 63. While the Court set a May 16 deadline for the Intervenors to "submit a brief in support of the motion for preliminary injunction," ECF 50, the Order does not appear to contemplate an entirely new motion for stay and preliminary injunction by the Intervenors, much less a motion and accompanying brief that raises distinct claims. Nothing on the face of the Court's separate order setting a May 24, 2024, deadline for

1

Defendants' response to the States' motion for preliminary relief suggests that the May 24 deadline applies to the Intervenors' new motion, ECF 49, and it is Defendants' understanding that it does not apply. Indeed, one week would not be sufficient for Defendants to fully evaluate the Intervenors' new arguments and claims, or to engage in the substantial intra-agency and inter-agency coordination and review by the Department of Justice and Department of Education that will be necessary for Defendants to respond. Accordingly, Defendants respectfully request clarification that, in accordance with Local Rule 7.1, the deadline for their response to the Intervenors' Motion for Stay and Preliminary Injunction is due within 21 days of service of the motion, which is June 6, 2024.

In addition, Defendants respectfully request that the Court extend their deadline to oppose the States' motion for preliminary injunction to June 6, 2024, so that their response to both motions will be due on the same date. While the Intervenors' motion raises new issues, there is also some common ground. Aligning the briefing schedule for both motions will enable Defendants to respond to common issues in a single brief, which would serve both the efficiency of the parties and the Court. And, because the Court is unlikely to decide the States' motion before the Intervenors' parallel motion is also fully briefed, no prejudice would occur to the State as a result of this requested modification to the briefing schedule.

Finally, while Defendants maintain that a June 6, 2024 deadline for response to both motions will provide adequate time for a decision in advance of the challenged rule's August 1, 2024 effective date, Defendants also understand the Court's reasons for setting the current schedule for the States' motion. *See* ECF 49. Accordingly, if the Court is not inclined to extend the deadline for response to the States' motion to June 6, Defendants respectfully request that the

Court set a May 30, 2024 deadline for Defendants to file a single brief in response to both the States' motion and the Intervenors' motion.[1]

## BACKGROUND

1. On April 19, 2024, the Department of Education ("Department") issued a rule titled Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024) (the "Final Rule"), which is set to take effect on August 1, 2024. Among other things, the Final Rule amends the Department's Title IX regulations to provide greater protections for all students by clarifying (1) the scope and application of Title IX and (2) the obligations of schools to provide an educational environment free from discrimination on the basis of sex, including through responding to incidents of sex discrimination.

2. On May 3, 2024, Plaintiffs State of Tennessee, Commonwealth of Kentucky, State of Ohio, State of Indiana, Commonwealth of Virginia, and State of West Virginia, served by mail a motion for a § 705 stay and preliminary injunction. ECF 19. The States' motion for stay and preliminary injunction argues that the Final Rule: (1) "exceeds the Department's authority to Implement Title IX" to the extent its interpretation of discrimination "on the basis of sex" addresses gender identity, ECF 19-1 at 12-16, and to the extent it addresses the standard for what constitutes harassment under Title IX, *id.* at 16-17; (2) violates the Spending Clause, *id.* at 18; (3)

---

[1] Pursuant to Local Rule 7.1(b), Defendants have conferred with Plaintiffs' counsel and Intervenor-Plaintiffs' counsel regarding this motion. The State Plaintiffs oppose this motion. Intervenors stated that they "don't oppose [the] motion to seek clarification to the extent it seeks clarity from the court on what the response deadline to [the intervenor's] motion is. But [they] oppose [the] request to move any response deadlines because the court set that schedule already and put it in place in anticipation of the PI hearing starting on June 10."

raises "free speech and free-exercise problems," *id.*; (4) "trespasses on" parental rights, *id.* at 19; and (5) is arbitrary and capricious because it "rests on flawed reasoning," *id.* at 19-21.

3.  The States moved for an expedited briefing schedule on their motion. ECF 20. Defendants opposed expedited briefing and sought an extension of time. ECF 42. On May 8, 2024, the Court denied both motions. ECF 49. The Court concluded that the States "have a legitimate interest in minimizing nonrecoverable compliance costs which they will no doubt begin to incur well before the August 1, 2024 effective date," but also "recognize[d] that the defendants will need sufficient time to address the complex issue raised in the States' motion." *Id*. Accordingly, the Court ordered that Defendants respond to the States' Motion for a stay and preliminary injunction within 21 days, by May 24, 2024, and that Plaintiffs reply to Defendants' response by June 7, 2024. ECF 49. The Court further scheduled a hearing on Plaintiffs' Motion to begin on June 10, 2024. *Id.*

4.  On May 3, 2024, Christian Educators Association International and A.C. moved to intervene as Plaintiffs pursuant to Federal Rule of Civil Procedure 24. ECF 21.

5.  On May 8, 2024, the Court granted the motion to intervene and provided that "intervenor-plaintiffs may submit a brief in support of the motion for a preliminary injunction no later than May 16, 2024, pursuant to the limitations outlined in Local Rule 7.1." ECF 50 at 2.

6.  On May 16, 2024, instead of filing a brief in support of the States' Motion, Intervenor-Plaintiffs filed a separate Motion for Stay and Preliminary Injunction, accompanied by a 25-page memorandum in support of the motion, as well as an accompanying declaration. ECF 63 1-3. The bulk of Intervenors' brief raises claims and arguments that were not presented in the States' motion. For example, Intervenors argue that the Final Rule is unlawful because of its purported impact on athletics, ECF 63-1 at 10-14; that the Final Rule's "de-minimis-harm standard

4

overrides Title IX's sex-based protections," *id.* at 15-18; that the Final Rule is unconstitutionally vague, *id.* at 18-21; and that the Final Rule "violate[s] Intervenors' right to bodily privacy," *id.* at 21-2.

## MOTION FOR CLARIFICATION REGARDING DEADLINE FOR RESPONSE TO INTERVENORS' MOTION

Under Local Civil Rule 7.1(c), oppositions to motions are due within 21 days of service of the motion "[u]nless otherwise ordered by the Court." It is thus Defendants' understanding that their opposition to Intervenors' Motion for Stay and Preliminary Injunction is due on June 6, 2024, which is 21 days after it was served.

While Defendants do not read the Courts' prior scheduling orders to require otherwise, they seek clarification on this point out of an abundance of caution. Before intervention was granted, the Court set a May 24, 2024 deadline for Defendants to respond to the State Plaintiffs' motion. The Order did not state that this deadline would apply to a separate motion by then-putative Intervenors. ECF 49. Upon granting intervention, the Court stated that "intervenor-plaintiffs may submit a brief in support of the motion for a preliminary injunction no later than May 16, 2024, *pursuant to the limitations outlined in Local Rule 7.1*." ECF 50 at 2 (emphasis added). Intervenors did not merely submit a brief in support of the States' motion. Rather, they filed a separate motion, which presents a bevy of new claims and arguments. As noted above, Local Rule 7.1 contemplates 21 days for response to such motions.

Moreover, even if the Court had anticipated that it would be feasible for Defendants to incorporate arguments presented by Intervenors within one week of the deadline associated with the States' parallel motion, that is now belied by the Intervenors' actual briefing. The majority of Intervenors' brief presents claims and arguments not previously addressed by the States, including as to the alleged impact of the Final Rule on athletics programs, ECF 63-1 at 10-14, and multiple

new constitutional claims that were not previously at issue, *id.* at 21-22. Intervenors also include a lengthy declaration that they contend supports their unique theory of harm. ECF 63-2. These new claims and arguments are just as complex as the issues raised by the States; one week is plainly insufficient for Defendants to fully evaluate these claims and arguments, and for the requisite coordination and intra and inter-agency review. Indeed, that is why this Court denied the States' motion for expedited briefing at the outset, ECF 49, and another district court likewise rejected a motion to expedite briefing on another challenge to this same Final Rule. *See* ECF. 15 at 2, *Texas v. U.S.*, 24-cv-86, (N.D. Tex. May 14, 2024) ("[G]iven the 'complex issues of national importance' . . . an expedited schedule seems especially inappropriate here.").

Accordingly, Defendants respectfully request that the Court clarify that Defendants' response to Intervenor-Plaintiffs' Motion is due on June 6, 2024.

### MOTION FOR EXTENSION OF TIME FOR RESPONSE TO STATES' MOTION FOR STAY AND PRELIMINARY INJUNCTION

Defendants also respectfully request that the Court extend the deadline for their opposition to the States' Motion for Stay and Preliminary Injunction, so that it aligns with the June 6, 2024, deadline associated with Intervenors' parallel motion. As discussed above, much of the Intervenors' motion raises new claims and arguments. However, the motions also share some common ground. For example, both motions challenge the Final Rule based on Title IX's text and history. *Compare* ECF 19-1 at 12-15, *with* ECF 63-1 at 7-9. And both motions address a claim that the Final Rule is arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). *Compare* ECF 19-1 at 19-21, *with* ECF 63-1 at 22-24.

Aligning the briefing schedule for both motions would enable Defendants to respond to common issues in a single brief, which would streamline the arguments for the Court and promote judicial economy. Moreover, this additional time would prevent prejudice to Defendants, who are

now in the unanticipated position of having to respond, in quick succession, to two distinct preliminary injunction motions in the same case. This burden is further compounded by the fact that Defendants' counsel also currently face several other cases challenging the Final Rule, which likewise include ongoing preliminary injunction briefing, including: *Alabama v. Cardona*, No. 7:24-cv-533 (N.D. Ala. 2024), *Louisiana v. Dep't of Educ.*, No. 3:24-cv-00563 (W.D. La. 2024), and *Texas v. Cardona*, No. 2:24-cv-86 (N.D. Tx. 2024).

Alternatively, if the Court is not inclined to extend the deadline to June 6, Defendants respectfully request that the Court extend the deadline for their response to the States' brief to May 30, 2024, and set the same date for their response to the Intervenors. While this would shorten Defendants' time to respond to the Intervenors, it would be offset by the efficiencies gained from the chance to respond to both motions concurrently.[2]

Accordingly, the Court should clarify that Defendants' Response to Intervenors' Motion for Stay and Preliminary injunction is due on June 6, 2024, and extend the deadline for Defendants' response to the Plaintiff States' Motion for Stay and Preliminary Injunction to June 6, 2024. Alternatively, the Court should set the deadline for response to both motions to May 30, 2024.

Dated: May 20, 2024                                  Respectfully submitted,

                                                                        BRIAN M. BOYNTON
                                                                        Principal Deputy Assistant Attorney General

                                                                        EMILY B. NESTLER
                                                                        Assistant Branch Director

                                                                        */s/ Pardis Gheibi*
                                                                        PARDIS GHEIBI (D.C. Bar No. 90004767)
                                                                        Trial Attorney, U.S. Department of Justice

---

[2] A May 30, 2024 deadline would also retain the option for the Court to keep the June 10, 2023 hearing date on its calendar. In light of Plaintiffs' stated concerns about the urgency at stake, they could still file their reply on June 7, 2024 in advance of the hearing.

                                                  Civil Division, Federal Programs Branch
                                                  1100 L Street, N.W.
                                                  Washington, D.C. 20005
                                                  Tel.: (202) 305-3246
                                                  Email: pardis.gheibi@usdoj.gov

                                                  *Counsel for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2024, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

<u>*/s/ Pardis Gheibi*</u>