UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| STATE OF TENNESSEE, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> V. ) <br> ) <br> MIGUEL CARDONA, in his Official ) <br> Capacity as Secretary of Education, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 2: 24-072-DCR <br><br> **MEMORANDUM ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

June Griffin has filed a *pro se* motion to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. To intervene as of right under Rule 24(a)(2), the proposed intervenor must show that (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties before the court may not adequately represent the proposed intervenor's interest. *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005).

Griffin's purported basis for intervening is not entirely clear. While she cites her general status as a taxpayer and "the possibility of being forced to occupy a bathroom with the opposite sex," she devotes a large portion of her brief to criticizing the Civil Rights Act of 1964. To the extent Griffin objects to the "gender identity" component of the Final Rule that is the subject of this action, it is unclear why the parties presently before the Court would not adequately represent her interests. *See Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991) (observing that the intervenor must overcome a presumption of adequacy of

representation where the proposed intervenor and an existing party have the same ultimate objective).

To the extent Griffin's motion could be construed as a request for permissive intervention pursuant to Rule 24(b), the Court must consider whether her intervention would "unduly delay or prejudice the adjudication of the original parties' rights." *See* Fed. R. Civ. P. 24(b)(3). The Court concludes that it would. Hearings are scheduled in this matter beginning on June 10, 2024, and the Final Rule is scheduled to take effect on August 1, 2024. Griffin's intervention inevitably would slow progress in this matter, which the plaintiffs have already sought to expedite. Since the existing plaintiffs adequately represent Griffin's interests, permissive intervention is not warranted.

Finally, Griffin's motion does not comply with Rule 24(c), which requires a motion to intervene to state the grounds for intervention *and* be accompanied by a pleading that sets out the claim for which intervention is sought.

Based on the foregoing, it is hereby

**ORDERED** that the motion to intervene [Record No. 66] is **DENIED**.

Dated: May 20, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky