## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## COVINGTON DIVISION

STATE OF TENNESSEE,
COMMONWEALTH OF KENTUCKY,
STATE OF OHIO, STATE OF INDIANA,
COMMONWEALTH OF VIRGINIA, and
STATE OF WEST VIRGINIA,

       *Plaintiffs*,

and

CHRISTIAN EDUCATORS
ASSOCIATION INTERNATIONAL, and
A.C., by her next friend and mother, Abigail
Cross,

       *Intervenor-Plaintiffs*,

v.

MIGUEL CARDONA, in his official
capacity as Secretary of Education, and
UNITED STATES DEPARTMENT OF
EDUCATION,

       *Defendants*.

Case No. 2:24-cv-00072-DCR-CJS
District Judge Danny C. Reeves
Magistrate Judge Candace J. Smith

## THE STATES' MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS IN SUPPORT OF THEIR MOTION FOR A § 705 STAY AND PRELIMINARY INJUNCTION

The Plaintiff States respectfully move this Court to grant them leave to file supplemental declarations in conjunction with the submission of their Reply Brief in Support of their Motion for a § 705 Stay and Preliminary Injunction. *See* Docs. # 19, 19-1; *see also* LR 7.1. The States have conferred with Defendants, who have advised that they take no position on this motion.

The States, through more than forty-five pages of written testimony from fifteen different declarants, have made a robust showing of irreparable harm, including compliance-cost injuries, that

1

is sufficient to support entry of preliminary relief. *See* Doc. # 19-1 at 21-22. However, and despite the Final Rule's articulation of several categories of costs it will cause Title IX recipients to incur, *see* 89 Fed. Reg. at 33,858, 33,867, 33,876, Defendants' opposition brief argued that the States have "failed to show that their alleged compliance costs are either peculiar or of such a great magnitude to justify a preliminary injunction." Doc. # 73 at 21. The States disagree. *See* States' PI Reply, Doc. # 92, at 13. But to provide the Court greater background on the States' compliance obligations, the States seek leave to file two additional declarations setting out additional and representative information regarding compliance costs that the States' K-12 and higher-education entities are incurring and will continue to incur absent this Court's intervention. These declarations are proffered for the Court's consideration as Exhibits A and B to the Reply Brief. *See* Docs. # 92-1, 92-2.

Plaintiffs regularly file, and courts routinely approve, supplemental declarations with a reply brief in support of a motion for preliminary injunction. *See, e.g.*, *Bingham v. Root*, No. 6:22-cv-00094, ECF No. 15 (E.D. Ky. July 11, 2022) (supplemental declaration rebutting claim that plaintiff had not established a preliminary-injunction factor); *DT Grat JMT, LLC v. Keeney*, No. 2:17-cv-00101, ECF No. 48 (E.D. Ky. Sept. 29, 2017) (supplemental declaration "further address[ing] and debunk[ing] unsubstantiated claims in the Response"); *Mw. Guaranty Bank v. Guaranty Bank*, 270 F. Supp. 900, 917-19 (E.D. Mich 2003) (permitting supplemental declaration to preliminary-injunction brief because the record was "continuously developing" in light of the litigation's "early juncture"); *MxPx Global Enters. v. Tooth & Nail Record*, No. 3:01-cv-00377, ECF No. 31 (M.D. Tenn. May 30, 2001) (granting plaintiffs leave to file reply and additional declarations in support of their preliminary injunction motion). Granting leave here would permit Plaintiff States to present additional evidence in response to Defendants' assertion (at Doc. # 73 at 21) that the States have "failed … to justify a preliminary injunction" based on compliance costs. To exemplify the compliance harms the States are suffering, these declarations detail a Tennessee higher education institution's and the Tennessee Department of

Education's efforts and expenses associated with implementing the Final Rule's Title IX-overhaul. While the States' original submissions already establish irreparable harm that would justify an injunction, the supplemental declarations provide additional insight into the significant resources, costs, and personnel required to implement the Final Rule's numerous requirements on the ground.

Accordingly, the States ask for leave to file two supplemental declarations in support of their Motion for a § 705 Stay and Preliminary Injunction.

Dated: June 7, 2024                                    Respectfully submitted,

**RUSSELL COLEMAN**                          **JONATHAN SKRMETTI**
  Attorney General                                       Attorney General and Reporter

*/s/ Justin D. Clark*                                    */s/ Whitney D. Hermandorfer*
JUSTIN D. CLARK                                  J. MATTHEW RICE*
  Civil Chief                                               Solicitor General
VICTOR B. MADDOX                            WHITNEY D. HERMANDORFER*
  Counsel for Special Litigation              Director of Strategic Litigation
LINDSEY R. KEISER                             STEVEN J. GRIFFIN*
  Assistant Attorney General                    Senior Counsel for Strategic Litigation &
**Kentucky Office of the Attorney General**   Assistant Solicitor General
700 Capital Avenue, Suite 118                 VIRGINIA N. ADAMSON*
Frankfort, Kentucky 40601                       Counsel for Strategic Litigation &
(502) 696-5300                                    Assistant Solicitor General
victor.maddox@ky.gov                          BRIAN DANIEL MOUNCE*
justind.clark@ky.gov                             Counsel for Strategic Litigation &
lindsey.keiser@ky.gov                          Assistant Solicitor General
                                                      **Office of the Tennessee Attorney General**
*Counsel for the Commonwealth of Kentucky*   P.O. Box 20207
                                                      Nashville, Tennessee 37202
                                                      (615) 741-3491
                                                      matt.rice@ag.tn.gov
                                                      whitney.hermandorfer@ag.tn.gov
                                                      steven.griffin@ag.tn.gov
                                                      jenna.adamson@ag.tn.gov
                                                      brian.mounce@ag.tn.gov

                                                      *Counsel for the State of Tennessee*

**THEODORE E. ROKITA**
  Attorney General

*/s/ James A. Barta*
JAMES A. BARTA*
  Solicitor General
CORRINE L. YOUNGS*
  Policy Director and Legislative Counsel
JOSHUA DAVID*
  Deputy Attorney General - Policy
**Indiana Attorney General's Office**
IGCS – 5th Floor
302 W. Washington St.
Indianapolis, IN 46204
(317) 232-0709
james.barta@atg.in.gov
corrine.youngs@atg.in.gov
joshua.david@atg.in.gov

*Counsel for the State of Indiana*

**DAVE YOST**
  Attorney General

*/s/ T. Elliot Gaiser*
T. ELLIOT GAISER*
  Solicitor General
MATHURA SRIDHARAN*
  Deputy Solicitor General
**Office of the Ohio Attorney General**
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
(614) 466-8980
thomas.gaiser@ohioago.gov
mathura.sridharan@ohioago.gov

*Counsel for the State of Ohio*

**JASON S. MIYARES**
  Attorney General

*/s/ Kevin M. Gallagher*
KEVIN M. GALLAGHER*
  Principal Deputy Solicitor General
BRENDAN T. CHESTNUT*
  Deputy Solicitor General
**Virginia Attorney General's Office**
202 North 9th Street
Richmond, Virginia 23219
(804) 786-2071
kgallagher@oag.state.va.us
bchestnut@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

**PATRICK MORRISEY**
  Attorney General

*/s/ Michael R. Williams*
MICHAEL R. WILLIAMS*
  Principal Deputy Solicitor General
**Office of the West Virginia Attorney General**
State Capitol, Bldg. 1, Room E-26
1900 Kanawha Blvd. E.
Charleston, West Virginia 25305
304-558-2021
michael.r.williams@wvago.gov

*Counsel for the State of West Virginia*

*\*Admitted pro hac vice*

4

**CERTIFICATE OF SERVICE**

I certify that on June 7, 2024, the above document was filed with the CM/ECF filing system, which provided copies of the foregoing to all counsel of record.

*/s/ Whitney Hermandorfer*
WHITNEY HERMANDORFER