IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, COMMONWEALTH OF KENTUCKY, STATE OF OHIO, STATE OF INDIANA, COMMONWEALTH OF VIRGINIA, and STATE OF WEST VIRGINIA<br><br>    *Plaintiffs,*<br><br>and<br><br>CHRISTIAN EDUCATORS ASSOCIATION INTERNATIONAL, and A.C. by her next friend and mother, Abigail Cross<br><br>    *Intervenor-Plaintiffs*,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    *Defendants*. | Case No. 2:24-cv-00072-DCR-CJS<br>District Judge Danny C. Reeves<br>Magistrate Judge Candace J. Smith |

**THE STATES' OPPOSED MOTION FOR ENTRY OF A BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS**

    The States respectfully move for entry of a briefing schedule on dispositive motions so that this case may advance to final judgment and provide certainty to the States, their schools, and their citizens regarding the lawful scope of Title IX and Defendants' enforcement powers moving forward. Defendants agree that no discovery is needed to resolve this case and have urged that their answer obligations (now due July 22) be put off pending negotiations on a dispositive-motions schedule. Yet despite multiple meet-and-confer sessions, Defendants oppose the States' scheduling proposal and have declined to offer their own dispositive-motions schedule. Having exhausted their efforts with

1

Defendants' counsel to reach an agreeable scheduling path forward, the States now move this Court for entry of a schedule.

## BACKGROUND

In late April 2024, following some two years of notice-and-comment proceedings, Defendants promulgated their Final Rule enshrining unprecedented gender-identity mandates in schools nationwide. Though achieving compliance will require immense training, resources, and time to alter school districts' policies and practices, the Final Rule directed schools to comply by August 1—a mere three-month window spanning educators' summer break. At the outset of this case, this Court acknowledged the pressing need to address the States' challenge in light of their unquestionable harm from the Final Rule. *See* Doc. # 49 at 2. And the States moved swiftly, at great effort, to brief their preliminary relief motions to mitigate the Final Rule's interim damage.

On June 17, 2024, after hearing live testimony from three of the States' witnesses and hours of argument, this Court entered a preliminary injunction and interim stay of Defendants' Final Rule. The Court reasoned that the Final Rule's gender-identity mandates reflected a patently unlawful reading of Title IX. And it concluded that the States, their schools, and their citizens—as well as Intervenor-Plaintiff A.C. and the Chrisian Educators Association—faced extraordinary and impending irreparable harm from the Final Rule along multiple dimensions. The Court entered relief preserving the pre-rule status quo, under which schools have operated for fifty years. As the States explain in their opposition to Defendants' motion for a partial stay, *see* Doc. # 110, the Court's injunction reflected that requiring schools to engage in an expensive scramble to comply with a rule in tatters would compound their harms and contravene the equities at play in this case.

Defendants have noticed their appeal and have moved for a partial stay of this Court's injunction. On June 21, 2024, Defendants' counsel requested the States to provide their position on staying the district court proceedings pending appeal. They further asked the States to consent to a

2

three-week extension of their obligation to answer the States' Complaint—which otherwise would have fallen on July 1, 2024.  The States informed Defendants that they would oppose any motion for a stay of the district court proceedings given their desire to secure final judgment and the vacatur relief to which the States would be entitled should they ultimately prevail on the merits.  Nonetheless, the States agreed to Defendants' request to set off their obligation to answer the Complaint in a good-faith effort to further negotiations regarding entry of a schedule for the filing of the administrative record and for briefing dispositive motions to advance this case towards final judgment.

On June 26, counsel for all parties met over the phone to discuss scheduling.  Consistent with earlier filings, *see, e.g.*, Doc. # 80 at 2, counsel agreed that no discovery is necessary to determine the Final Rule's legal validity.  Afterwards, and in line with the conversation with counsel, the States circulated a proposed joint scheduling motion with their preferred schedule for briefing this case to resolution.  That schedule provided Defendants with another month to file the administrative record and the briefing of cross motions through August.  The States requested that Intervenor-Plaintiffs and Defendants provide their views and any counter scheduling proposals.  By email on the afternoon of June 27, counsel for Defendants responded by informing the States that Defendants' view on scheduling was "too far apart" from the States' and that Defendants were "not currently in a position to propose" a summary-judgment briefing schedule.  It is the States' understanding that Defendants intend to move for a stay of these proceedings in their entirety pending the outcome of Defendants' appeal of the preliminary injunction.

## ARGUMENT

It is settled that "an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits." *Zundel v. Holder*, 687 F.3d 271, 282 (6th Cir. 2012) (citation omitted).  The particular posture of this case strongly counsels proceeding rather than pausing indefinitely.

3

*First*, this case is well positioned to move to final judgment expeditiously. The parties agree that no discovery is necessary for the Court to resolve this matter on the merits—a step that proceeds via summary-judgment motions in nearly all Administrative Procedure Act cases. The legality of the Final Rule turns on issues of pure law that this Court has already thoroughly considered and addressed at length. The Court's order was preliminary in posture, but clear in conclusion: "[T]he Department's interpretation conflicts with the plain language of Title IX and therefore exceeds its authority to promulgate regulations under that statute." Doc. # 100, Page ID.2087. No amount of further briefing can rehabilitate Defendants' radical rewrite of Title IX. Indeed, the States' motion for summary judgment can incorporate portions of their original preliminary injunction briefing to the extent this Court deems appropriate, or otherwise focus on particular issues this Court identifies.

*Second*, expeditious resolution of this case to final judgment would promote much-needed clarity and is necessary to provide the States with full relief from the Final Rule. The injunction's preliminary nature necessarily means there is still substantial uncertainty regarding the Final Rule—confusion compounded by Defendants' request for a partial stay. A prompt decision on the merits could allow the Sixth Circuit Court of Appeals to consider any appeal of this Courts' merits decision in conjunction with the pending appeal of the June 17 Order granting the preliminary injunction. The alternative would be potentially years of appellate proceedings while the case remains pending before this Court and the Final Rule hangs over schools' heads. The States' challenge to the Title IX gender-identity guidance is case in point: After moving to enjoin the guidance in September 2021, the States finally received appellate resolution of their preliminary injunction motion almost three years later.

Delay would deny full relief to the States indefinitely. As the live testimony at the preliminary injunction hearing confirmed, the States' schools, students, and residents participate in programs and use facilities at schools across many States. *See* Doc. # 109 at 30:14-31:17, 67:11-68:14. The Court's entry of preliminary relief limited to the Plaintiff States thus means that the Final Rule may still harm

4

the States' interests in protecting their citizens from the safety and privacy harms inflicted by the gender-identity mandates. By contrast, should this Court advance to final judgment and should the States' legal position ultimately prevail, 5 U.S.C. § 705 would permit the remedy of vacating the Final Rule outright (among other remedies).

Accordingly, the States propose the following case management schedule for the orderly progression of this case to final resolution:

| | |
|---|---|
| July 12, 2024: | Plaintiff States to file motion for summary judgment |
| August 2, 2024: | Defendants to file the Administrative Record |
| August 6, 2024: | Defendants to file their responses to Plaintiff States' dispositive motions and any incorporated cross-motions |
| August 16, 2024: | Plaintiff States to file their responses to Defendants' cross-motions and incorporated replies in support of their own dispositive motions |
| August 30, 2024: | Defendants to file their replies in support of any cross-motions |

Once briefing is complete, the matter could then be submitted for disposition, or the Court could schedule additional oral argument at its discretion. Intervenor-Plaintiffs consent to briefing their motions on this or a similar schedule. As mentioned, Defendants oppose this schedule.

A schedule along these lines not only grants Defendants the default briefing response timeline for each filing. It permits Defendants more time to file the administrative record than is the default in other cases. *See, e.g.*, Fed. R. App. P. 17(a) (40 days). Alternatively, Defendants could stipulate that the administrative record is not needed to resolve their legal arguments, or that this case can proceed with only the filing of a certified list of record contents. *Cf.* U.S. District Court for District of Columbia Local Civ. R. 7(n)(1). Defendants cannot credibly claim that it is too difficult to compile legal documents by early August, all while insisting the States must fundamentally alter decades' worth of schools' settled practice, overhaul school-district policies, and train hundreds of thousands of educational employees to meet the Final Rule's August 1 effective date.

5

Dated: June 28, 2024

**RUSSELL COLEMAN**
  Attorney General
*/s/ Justin D. Clark*
JUSTIN D. CLARK
  Civil Chief
VICTOR B. MADDOX
  Counsel for Special Litigation
LINDSEY R. KEISER
  Assistant Attorney General
**Kentucky Office of the Attorney General**
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
(502) 696-5300
victor.maddox@ky.gov
justind.clark@ky.gov
lindsey.keiser@ky.gov
*Counsel for the Commonwealth of Kentucky*

Respectfully Submitted,

**JONATHAN SKRMETTI**
  Attorney General and Reporter
*/s/ Whitney D. Hermandorfer*
J. MATTHEW RICE*
  Solicitor General
WHITNEY D. HERMANDORFER*
  Director of Strategic Litigation
STEVEN J. GRIFFIN*
  Senior Counsel for Strategic Litigation &
Assistant Solicitor General
VIRGINIA N. ADAMSON*
  Counsel for Strategic Litigation &
Assistant Solicitor General
BRIAN DANIEL MOUNCE*
  Counsel for Strategic Litigation &
Assistant Solicitor General
**Office of the Tennessee Attorney General**
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-3491
matt.rice@ag.tn.gov
whitney.hermandorfer@ag.tn.gov
steven.griffin@ag.tn.gov
jenna.adamson@ag.tn.gov
brian.mounce@ag.tn.gov
*Counsel for the State of Tennessee*

**THEODORE E. ROKITA**
  Attorney General
*/s/ James A. Barta*
JAMES A. BARTA*
  Solicitor General
CORRINE L. YOUNGS*
  Policy Director and Legislative Counsel
JOSHUA DAVID*
  Deputy Attorney General - Policy
**Indiana Attorney General's Office**
IGCS – 5th Floor
302 W. Washington St.
Indianapolis, IN 46204
(317) 232-0709
james.barta@atg.in.gov
corrine.youngs@atg.in.gov
joshua.david@atg.in.gov
*Counsel for the State of Indiana*

**DAVE YOST**
  Attorney General
*/s/ T. Elliot Gaiser*
T. ELLIOT GAISER*
  Solicitor General
MATHURA SRIDHARAN*
  Deputy Solicitor General
**Office of the Ohio Attorney General**
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
(614) 466-8980
thomas.gaiser@ohioago.gov
mathura.sridharan@ohioago.gov
*Counsel for the State of Ohio*

6

<div style="columns:2">

**JASON S. MIYARES**
  Attorney General
*/s/ Kevin M. Gallagher*
KEVIN M. GALLAGHER*
  Principal Deputy Solicitor General
BRENDAN T. CHESTNUT*
  Deputy Solicitor General
**Virginia Attorney General's Office**
202 North 9th Street
Richmond, Virginia 23219
(804) 786-2071
kgallagher@oag.state.va.us
bchestnut@oag.state.va.us
*Counsel for the Commonwealth of Virginia*

**PATRICK MORRISEY**
  Attorney General
*/s/ Michael R. Williams*
MICHAEL R. WILLIAMS*
  Solicitor General
**Office of the West Virginia Attorney General**
State Capitol, Bldg. 1, Room E-26
1900 Kanawha Blvd. E.
Charleston, West Virginia 25305
304-558-2021
michael.r.williams@wvago.gov
*Counsel for the State of West Virginia*

</div>

## CERTIFICATE OF SERVICE

I certify that on June 28, 2024, the above document was filed with the CM/ECF filing system, which provided copies of the foregoing to all counsel of record.

<div align="right">

*/s/ Whitney D. Hermandorfer*
WHITNEY D. HERMANDORFER

</div>