**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | |
|---|---|
| STATE OF TENNESSEE, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    Defendants. | Case No. 2:24-cv-00072-DCR-CJS<br>Chief District Judge Danny C. Reeves<br>Magistrate Judge Candace J. Smith |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION**
**FOR A PARTIAL STAY PENDING APPEAL**

Defendants' motion for a partial stay pending appeal, *see* ECF No. 104 ("Mot."), explained that this Court's preliminary injunction was impermissibly overbroad in two respects. First, it enjoined numerous provisions of the Final Rule that the State Plaintiffs and Intervenor-Plaintiffs (together, "Plaintiffs") did not challenge and as to which the Court made no finding that Plaintiffs satisfied the preliminary injunction factors. *See generally* Defs.' Mot. for Partial Stay, ECF No. 104 ("Mot.") 3–4. Second, as to the provisions that Plaintiffs did challenge, the injunction wrongfully enjoins (1) 34 C.F.R. § 106.10, which does not cause Plaintiffs any injury, and (2) the hostile environment harassment definition in 34 C.F.R § 106.2, as applied to complaints other than gender identity discrimination. *See generally* Mot. 5–6. Nothing in Plaintiffs' oppositions, *see generally* Pls.' Opp. to Defs.' Mot. for Partial Stay, ECF No. 110 ("Opp."); Intervenor-Pls.' Resp. in Opp. to Defs.' Mot for Partial Stay, ECF No. 111 ("Int. Opp."), undermines that analysis.

1

## ARGUMENT

**I. Defendants Are Likely To Succeed On Their Claim That The Injunction Is Unlawfully Overbroad.**

    **A. The Court Erroneously Enjoined Severable Provisions That Plaintiffs Do Not Challenge.**

The Rule effects many changes to Title IX's regulations beyond those challenged by Plaintiffs, Mot. 3–4, and Plaintiffs have not identified any cognizable harm that they are purportedly suffering due to these unchallenged portions of the Rule. As the Court acknowledged, "[e]ach subsection in which [the challenged] provisions appear contains a severability clause." ECF No. 100 at 90. It is both common ground and black-letter law that where one provision of an agency rule is held invalid, the remainder of the rule may go into effect "unless there is 'substantial doubt' that the agency would have left the balance of the rule intact." *Finnbin, LLC v. Consumer Product Safety Commission*, 45 F.4th 127, 136 (D.C. Cir. 2022); *see also, e.g.*, *Averett v. U.S. Dep't of Health & Human Servs.*, 306 F. Supp. 3d 1005, 1021 (M.D. Tenn. 2018) (similar); Opp. 5 (same standard). Applying this well-established rule is not judicial rulemaking, *cf.* Int. Opp. 2, 4, but instead the long-established and uncontroversial way that courts give effect to the clearly expressed intentions of federal agencies.

Plaintiffs argue that the challenged provisions are not severable because the Rule's description of the scope of prohibited sex discrimination in § 106.10 is somehow embedded in any provision of the Rule that mentions "sex discrimination," Opp. 4, or otherwise "'permeates' the entire Rule," Int. Opp. 3 (quoting ECF No. 100 at 90); *see also id.* 5. That is not so, as the Department clearly explained that different aspects of its Rule could operate independently. *See* 33 Fed. Reg. at 33,848. And more fundamentally, it ignores that Plaintiffs' asserted harms stem from the operation of discrete provisions within the Rule governing the ways in which funding recipients may permissibly differentiate among students by sex. *See* Part I.B *infra*.

Plaintiffs suggest that a court need not "perform a severability analysis ... at the preliminary injunction stage." Opp. 3 (quoting *Doster v. Kendall*, 54 F.4th 398, 442 (6th Cir. 2022), *vacated as moot*, 114 S. Ct. 482 (2023) (Mem.)); *see also* Int. Opp. 2–3. But while a court has discretion in crafting preliminary relief, it abuses that discretion when it enters an injunction so "broad [that] there is a risk that it restrains legal conduct." *Union Home Mortgage Corp. v. Cromer*, 31 F.4th 356, 364 (6th Cir. 2022). While there are circumstances in which "status-quo relief might look broader than the ultimate relief," that principle exists to "stop[] a defendant's threatened conduct from causing (irreparable) harm until the court has a meaningful chance to resolve the case on the merits." *Doster*, 54 F.4th at 441. And no evidence or authority supports Intervenor-Plaintiffs' suggestion that the Court should decline to undertake the required severability analysis at the preliminary injunction stage because it might cause "confusion." Int. Opp. 2.

Here, Plaintiffs would suffer no cognizable harm, nor would the Court be deprived of the ability to meaningfully review the aspects of the Rule that Plaintiffs challenge, if the unchallenged provisions of the Rule took effect. Defendants are thus not asking the Court to "perform a roving severability analysis," Opp. 3; the entire point of including express severability provisions is to ensure that a court need not guess as to the agency's intent. Those severability provisions here flatly refute Plaintiffs' unsupported speculation that the Department might not have issued the Rule if all of its provisions could not take effect, *id.* 4-5; Int. Opp. 3–4. *See generally* Mot. 4.

Finally, Intervenor-Plaintiffs' argument that this Court need not engage in a severability analysis because they sought relief pursuant to 5 U.S.C § 705, Int. Opp. 3, is wrong for at least two reasons. First, the Court did not enter relief under § 705; its order is simply styled as an "injunction." ECF 100 at 93. Second, 5 U.S.C. § 705 contemplates preliminary injunctions subject

3

to traditional equitable principles; it expressly provides that courts may only delay the effective date of an agency action "to the extent necessary to prevent irreparable injury." For the reasons discussed throughout, wholesale postponement of the entire Rule's effective date is not necessary to avoid irreparable injury when Plaintiffs challenge only a handful of the Rule's provisions.

**B.    This Court Erred in Enjoining Provisions and Applications That Cause Plaintiffs No Harm.**

Even as to the challenged provisions, the injunction is overbroad insofar as it enjoins provisions of the Rule—and potential applications thereof—that cause Plaintiffs no harm.

*34 C.F.R. § 106.10.* On appeal, Defendants will demonstrate that § 106.10 straightforwardly applies the reasoning of *Bostock v. Clayton County*, 590 U.S. 644 (2020). But even apart from Defendants' likelihood of success on that issue, the Court should grant this motion because Plaintiffs have not established that they will suffer irreparable harm if they are prohibited from engaging in conduct that all parties agree would be "discrimination" against students simply because they are gay, transgender, or pregnant. Indeed, State Plaintiffs disclaim any desire to discriminate against gay and transgender students for being gay or transgender, *see* Opp. 5 (Defendants are "right" on this point), and Intervenor-Plaintiffs do not argue they wish to engage in such discrimination. Plaintiffs certainly have never asserted any *harm* from being barred from, *e.g.*, excluding students from band practice or requiring them to sit in the back of a school bus on the basis of the students' gender identity, sexual orientation, or pregnancy. Imminent irreparable harm is "indispensable" to a preliminary injunction, *D.T. v. Sumner County Schools*, 942 F.3d 324, 327 (6th Cir. 2019), and absent a showing of it, this Court cannot properly afford Plaintiffs preliminary injunctive relief as to § 106.10, even if it agrees with them on the merits of their argument regarding *Bostock*.

It is no response that Defendants have taken the position, prior to the Rule, that Title IX may require transgender individuals to be permitted to use restrooms and locker rooms consistent with their gender identity—an issue not addressed in § 106.10. *See generally* Opp. 6. This case is a challenge to the Rule, and as Plaintiffs acknowledge, § 106.31(a)(2)—not § 106.10—is the provision of the Rule governing how Title IX's prohibition on sex discrimination applies in the specific context of the division of "intimate spaces by sex." Opp. 2. Because only § 106.31(a)(2) addresses this issue, any relief with respect to Plaintiffs' concerns regarding sex-separate "intimate spaces" would run at most against § 106.31(a)(2). There is no justification for enjoining a provision that Plaintiffs concede they do not wish to violate. *See* Opp. 5. Defendants are thus likely to succeed on their claim that this Court erroneously enjoined § 106.10, a provision that causes Plaintiffs no harm.

*34 C.F.R. § 106.2.* The injunction is also overbroad with respect to 34 C.F.R. § 106.2. That provision defines many terms, but Plaintiffs challenge only its definition of hostile environment harassment. While State Plaintiffs suggest that the Court found this provision vague as a general matter, *see* Opp. 3, the Court's analysis focused on the potential application of § 106.2's definition of hostile environment harassment to speech regarding gender identity. *See* ECF No. 100 at 49, 51, 52, 53, 55. It was error for this Court to enjoin § 106.2 as to all of its definitions and all of its applications.

### C. Defendants' Severability Argument Was Not "Forfeited."

Intervenor-Plaintiffs' argument that Defendants waived their severability arguments, Int. Opp. 6, is unquestionably wrong, which is presumably why the State Plaintiffs make no such claim. Defendants' oppositions to Plaintiffs' motions for preliminary relief specifically addressed severability, *see* ECF No. 73 at 25; ECF No. 91 at 22-23, and both the State Plaintiffs and

5

Intervenor-Plaintiffs responded to this argument in their reply briefs. *See* ECF No. 92 at 15; ECF No. 99 at 15. The Court likewise expressly addressed Defendants' severability arguments. *See* ECF No. 100 at 90. An argument advanced by one party, rebutted by another, and ruled upon by a court has not been waived.

## II.     The Balance of Harms and the Public Interest Favor a Partial Stay.

Finally, the balance of harms and the public interest tilt decisively in favor of the limited stay requested here, for "the eradication of discrimination by race and sex promotes public interests." *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1359 (6th Cir. 1975). That stay would restore provisions that Plaintiffs have not challenged or that prohibit conduct in which Plaintiffs do not intend to engage—including prohibitions on things like forcing a student to sit in the back of a classroom because he is gay, excluding a student from the lunchroom because he is transgender, sexually harassing a cisgender woman in a manner that meets the regulatory definition of hostile environment harassment, or requiring a breastfeeding student to express breastmilk in a bathroom stall.

While Plaintiffs allege they will incur costs to come into compliance with the Rule, those alleged costs flow from provisions and applications of the Rule that either have not been challenged or that would remain enjoined under the requested stay. *See, e.g.*, *Haaland v. Brackeen*, 599 U.S 255, 296 (2023) (Texas could not claim standing to challenge child-custody placement preferences based on costs of record keeping and notice requirements; "Texas would continue to incur the complained-of costs even if it were relieved of the duty to apply the placement preferences"). And even if those costs were legally relevant, they would pale in comparison to the federal government's interest in stamping out sex discrimination. *Cf. Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008) (explaining that "even if plaintiffs have shown irreparable

injury" to marine wildlife, it would be "outweighed by the public interest and the Navy's interest in effective, realistic training of its sailors").

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants' motion, the Court should stay the preliminary injunction to the extent it extends beyond the following provisions of the 2024 Rule: 34 C.F.R. § 106.31(a)(2), and the "hostile environment harassment" definition in 34 C.F.R. § 106.2 as applied to gender identity discrimination.

Dated: June 29, 2024                                      Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY B. NESTLER
Assistant Branch Director

/s/ *Pardis Gheibi*
ELIZABETH TULIS
REBECCA KOPPLIN
BENJAMIN TAKEMOTO
HANNAH SOLOMON-STRAUSS
PARDIS GHEIBI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-3246
Fax: (202) 616-8470
E-mail: Pardis.Gheibi@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I certify that on June 29, 2024, the above document was filed with the CM/ECF filing system.

                                        /s/ *Pardis Gheibi*