# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# COVINGTON DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *et al.*,<br><br>Plaintiffs,<br><br>and<br><br>CHRISTIAN EDUCATORS ASSOCIATION INTERNATIONAL, *et al.*,<br><br>Intervenor-Plaintiffs,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendants. | Case No. 2:24-cv-00072-DCR-CJS<br>District Judge Danny C. Reeves<br>Magistrate Judge Candace J. Smith |

## DECLARATION OF VANESSA SANTOS KREJCI

1. I, Vanessa Santos Krejci, am the Assistant General Counsel of the Division of Educational Equity (DEE) in the Office of the General Counsel (OGC), U.S. Department of Education (Department).

2. In July 2022, the Department issued the Notice of Proposed Rulemaking (NPRM) and received over 240,000 public comments. After review and consideration of the public comments, the Department published *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33,474 (Apr. 29, 2024) ("the Rule").

3. More than 125 individuals within the Department assisted in the development and/or review of the NPRM and Rule. This includes employees within the Department's Office for Civil Rights (OCR) as well as staff in other program offices within the Department. In addition, OCR engaged with a contractor to review and categorize the over 240,000 public comments and engaged with the Department of Justice, the Office of Management and Budget, and other Federal agencies to review and finalize both the NPRM and Rule.

4. I am assisting the team within OGC, which is described in detail below, with the compilation of the administrative record for the Rule.

5. We began this work in March 2024 prior to the publication of the Rule.

6. This work consists of compiling the public comments and the sources cited in the NPRM and Rule, which include but are not limited to cases, studies, and articles. It also includes identifying any other documents directly or indirectly considered by the decisionmakers in the development of the Rule. This information encompasses over 3 years of cross-collaborative work and communications, internal and external to the Department, that facilitated the development of the Rule.

7. The Department has identified approximately 700,000 documents that may be appropriate to include in the administrative record.

8. Before these documents are produced, they must be reviewed for, among other things, duplication and privilege.

9. To date the team has reviewed approximately 150,000 of the 700,000 documents.

10. To assemble the team for this project, we assigned certain attorneys within DEE and canvassed over 120 employees within OGC for additional attorneys with available time to assist. Due to the numerous, competing demands on OGC's limited resources, we

have been unable to assign more attorneys to work on this project. We also enlisted the assistance of staff from OCR to assist for a limited time. Wherever possible, we selected attorneys who were familiar with Title IX. As a result, we were able to assemble a team of 15 attorneys.

11. The team has limited time to devote to this project given their other work and responsibilities. Only two attorneys on the team are able to work on this project 80% to 90% of their time. Several of the same attorneys working on the administrative record are also engaged in this and the nine other lawsuits challenging the Rule.[1] Other attorneys have been pulled from different divisions within OGC and are only able to work on this project when their other duties permit. Their other duties are core to the Department's work, including reviewing Department guidance documents and regulations, assisting with litigation, and advising on grant programs. Those attorneys' time on the administrative record has varied on a weekly basis, with attorneys dedicating between 10% to 75% of their time to this project as feasible.

12. Once the review is complete, the information for the administrative record will be transferred to Relativity for production. We have a contract with Relativity for this purpose, and they will assist with bates numbering, generating an index, and ultimately providing the record to plaintiffs in this litigation. This process, however, will take time for the contractor particularly given the expected size of this record.

---

[1] *See Texas v. United States*, No. 2:24-cv-86 (N.D. Tex. filed Apr. 29, 2024); *Alabama v. Cardona*, No. 7:24-cv-533 (N.D. Ala. filed Apr. 29, 2024); *Louisiana v. U.S. Dep't of Educ.*, 3:24-cv-563 (W.D. La. filed Apr. 29, 2024); *Rapides Parish Sch. Bd. v. U.S. Dep't of Educ.*, 1:24-cv-567 (W.D. La. filed Apr. 30, 2024); *Tennessee v. Cardona*, No. 2:24-cv-72 (E.D. Ky. filed Apr. 30, 2024); *Oklahoma State Dep't of Educ. v. United States*, No. 5:24-cv-459 (W.D. Okla. filed May 6, 2024); *Oklahoma v. Cardona*, No. 5:24-cv-461 (W.D. Okla. filed May 6, 2024); *Kansas v. U.S. Dep't of Educ.*, No. 5:24-cv-4041 (D. Kan. filed May 14, 2024); *Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-cv-461 (N.D. Tex. filed May 21, 2024).

13. I have engaged with our contractor for Relativity to set up folders within that workspace to store all the information identified for the administrative record. Once the information is transferred to Relativity, it will then need to be reviewed again and indexed for the final production. This includes a review by legal counsel to ensure the record is correct and complete, which may involve additional, shorter rounds of document collection and review.

14. Based on the volume of documents to be reviewed and the limited number and time of the attorneys for this project, I anticipate being able to finalize production for the administrative record by September 20, 2024. This estimate is our best guess at this time that it will take at least nine weeks to review the remaining documents, and then at least two weeks to review and process them within Relativity. We have reached these estimates based on the time it has taken the team to review 150,000 documents thus far, as well as the number and type of documents remaining. However, as noted above, it is difficult to predict how many hours per week many of the attorneys on our team will be able to spend on this project given competing demands on their time. We have also accounted for the additional time that will be needed for quality control review and then added the processing estimate we received from the contractor for Relativity to that estimate.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on July 3, 2024.

_____
Vanessa Santos Krejci
Assistant General Counsel, Division of Educational Equity