IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

STATE OF TENNESSEE, *et al.*,

    *Plaintiffs*,

v.

MIGUEL CARDONA, *in his official capacity as Secretary of Education*, *et al.*,

    *Defendants*.

No. 2:24-cv-00072

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF BRIEFING SCHEDULE AND CROSS-MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL OR, IN THE ALTERNATIVE, FOR A STAY OF DEFENDANTS' DEADLINES TO RESPOND TO PLAINTIFF STATES' AND INTERVENOR-PLAINTIFFS' COMPLAINTS**

Presently at issue for the Court is Plaintiffs' Motion for Entry of a Briefing Schedule for Dispositive Motions, ECF No. 112, which requests an aggressive briefing schedule that is unnecessary and which Defendants cannot meet. Defendants oppose Plaintiffs' proposed briefing schedule, and instead move to stay the district court proceedings in this case pending appeal of the preliminary injunction order, which is the approach that would best serve the interests of judicial economy. Alternatively, if the Court declines to stay these proceedings, it should hold the deadline for Defendants' response to the complaint in abeyance, allow the Department of Education to serve the administrative record on a reasonable schedule, and then proceed with summary judgment briefing thereafter.

*First*, the Court should stay further proceedings in this case until 30 days following the issuance of the mandate in Defendants' appeal of the Preliminary Injunction issued by this Court, *see Cardona v. Tennessee,* No. 24-5588 (6th Cir. filed June 26, 2024), except as to any issue that may arise from compliance with the Preliminary Injunction and this Court's review of Defendants'

pending Motion for a Partial Stay of the Preliminary Injunction, *see* ECF No. 104. Resolution of the issues on appeal, including the merits of Plaintiff States' and Intervenor-Plaintiffs' Constitutional and APA challenges, could be highly relevant to further proceedings in this case. At a minimum, the Sixth Circuit's decision will be relevant to this Court's resolution of the claims at issue. A stay of proceedings would thus promote efficiency, conserve judicial and party resources, and permit the parties and the Court to receive the Sixth Circuit's guidance in any further proceedings. Plaintiffs have indicated that they oppose this request.

*Second*, and in the alternative, Defendants respectfully request an extension of the deadline to respond to Plaintiff States' and Intervenor-Plaintiffs' Complaints—which is presently July 22, 2024—until Defendants' deadline to file a Motion for Summary Judgment. This would allow Defendants to file a combined Motion to Dismiss and Motion for Summary Judgment, thereby streamlining the issues in this case. Although the parties do not agree on a summary judgment schedule, Plaintiffs have indicated their agreement that an answer need not be filed.

*Third*, while Defendants maintain that a summary judgment schedule is premature, if the Court is inclined to set one, Defendants respectfully request a different schedule than that proposed by Plaintiffs. As fully explained in the accompanying declaration, the Department of Education can produce the administrative record at the earliest by September 20, 2024. Defendants propose that the parties submit a joint status report that proposes a summary judgment briefing schedule within seven days of the administrative record being produced, which would allow the schedule to account for all circumstances that may be relevant at that time.

## BACKGROUND

On April 29, 2024, the Department of Education issued a rule titled Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89

Fed. Reg. 33,474 (Apr. 29, 2024) (the "Rule"). On April 30, 2024, Plaintiff States filed their Complaint, challenging the Rule. ECF No. 1. On May 3, 2024, Plaintiff States filed their Motion for a § 705 Stay and Preliminary Injunction. ECF No. 19. On May 3, 2024, Intervenor-Plaintiffs filed their Proposed Complaint and Motion to Intervene. ECF No. 21. The Court granted Intervenor-Plaintiffs' Motion to Intervene on May 8, 2024. ECF No. 50. On May 16, 2024, Intervenor-Plaintiffs filed a separate Motion for a § 705 Stay and Preliminary Injunction. ECF No. 63.

After briefing and a hearing, the Court granted Plaintiff States' and Intervenor-Plaintiffs' motions for a preliminary injunction in a written memorandum ruling on June 17, 2024, and issued a preliminary injunction limited to the six Plaintiff States of Tennessee, Kentucky, Ohio, Indiana, Virginia, and West Virginia and to Intervenor-Plaintiffs in these six states. Mem. Op. & Order, ECF No. 100. Defendants have filed a notice of appeal. ECF No. 103. Defendants have also moved for a Partial Stay of the Preliminary Injunction before this Court, ECF No. 104, and in the Sixth Circuit on July 1, 2024, *Tennessee*, No. 24-5588, ECF No. 19.

## ARGUMENT

### I. The Court Should Stay District Court Proceedings Pending Appeal.

A "[d]istrict Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The court may exercise this power in the interest of, among other things, "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When determining whether to grant a stay, courts consider multiple factors, including potential prejudice to the non-movant, hardship to the movant if required to go forward, and "the interest in economical use of judicial time and resources." *Int'l Bhd. of Elec. Workers, Loc. Union No. 2020, AFL-CIO v. AT&T Network Sys.*, 879 F.2d 864 (Table), 1989 WL 78212, at *8 (6th Cir. 1989). Courts should be mindful of

3

the interests in "conserv[ing] judicial resources," "minimizing duplicative or piecemeal litigation," and "protect[ing] the parties and the courts from the possibility of conflicting results." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016).

Consistent with that discretionary power, district courts within this circuit routinely exercise their discretion to stay district court proceedings pending appeal of the district court's preliminary-injunction ruling. *See, e.g.,* Order, *Kentucky v. Biden*, No. 21-cv-00055 (E.D. Ky. Jan. 3, 2022), ECF No. 61 (staying proceedings pending appeal of district court's grant of preliminary injunction); Notation Order (October 29, 2021), *Ohio v. Becerra*, No. 21-cv-675 (S.D. Ohio Oct. 29, 2021) (staying proceedings pending appeal of denial of preliminary injunction); *accord* Order, *Right to Life of Michigan v. Sebelius*, 13-cv-01202 (W.D. Mich. Feb. 14, 2014), ECF No. 25 (granting a stay pending the resolution of appeals in other cases presenting issues that "are [not] on all fours with the claims in this case, but … sufficiently related [such that the court] expect[s] significant guidance" from the resolution of the appeals).

A stay pending the resolution of Defendants' appeal would serve the interests of judicial economy and efficiency. In its preliminary-injunction ruling, this Court evaluated the merits of Plaintiff States' and Intervenor-Plaintiffs' Constitutional and APA challenges to the Rule. Mem. Op. & Order 15–79 (concluding, among other things, that the Rule likely violates the APA because it exceeds the Department's statutory authority, likely violates the First and Fourteenth Amendments, and likely violates the APA because it is arbitrary and capricious). In reviewing this Court's ruling, the Sixth Circuit will thus have an opportunity to evaluate the central merits questions presented in Plaintiff States' and Intervenor-Plaintiffs' Complaints. *See* Pls.' Compl. ¶¶ 221–232, ECF No. 1; Intervenor-Pls.' Compl. ¶¶ 293–324 (alleging that the Rule violates the APA because it exceeds the Department's statutory authority), ECF No. 21; Pls.' Compl. ¶¶ 233–245,

4

Intervenor-Pls.' Compl. ¶¶ 325–342 (alleging that the Rule violates the First and Fourteenth Amendment); Pls.' Compl. ¶¶ 246–258, Intervenor-Pls.' Compl. ¶¶ 343–362 (alleging that the Rule violates the APA because it is arbitrary and capricious).

Because the Sixth Circuit's ruling may bear heavily on the merits of these issues, a stay is particularly prudent in the interest of judicial economy. *See Minn. Voters All. v. Walz*, 494 F. Supp. 3d 610, 611–12 (D. Minn. 2020) (staying proceedings pending appeal of preliminary injunction because, among other things, the appeal was "likely to resolve some of the legal issues in dispute"); *Bray v. QFA Royalties, LLC*, No. 06-cv-02528, 2007 WL 2688858, at *1 (D. Colo. Sept. 12, 2007) (staying proceedings pending appeal of preliminary injunction because "the Tenth Circuit's determination of the legal issues inherent in [the] preliminary injunction decision will edify further proceedings on those same … claims for permanent injunctive relief"). It would waste the Court's and the parties' resources for the parties to brief, and for the Court to consider, dispositive motions prior to a Sixth Circuit opinion that may substantially inform the resolution of any such motions. *See Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (awaiting the appellate court's resolution of legal issues "would significantly advance the course of th[e] litigation" and best serve "the time and effort of the parties and the court").

Moreover, a temporary stay pending appeal will not meaningfully prejudice Plaintiffs, who claim to have uncertainty about the Final Rule. *See* Pls.' Mot. 4. But there is no uncertainty: as things currently stand, the Rule is enjoined as to all Plaintiffs, fully protecting their interests. And if this Court or the Sixth Circuit determines that portions of the Rule should take effect during appellate proceedings, such a determination (particularly if entered by an appellate court) would not be a basis on which to nevertheless press ahead with overlapping, simultaneous district court proceedings aimed at reaching a contrary result. Plaintiffs also claim that "the States' schools,

5

students, and residents participate in programs and use facilities at schools across many States," which "may" harm them if their citizens visit states not covered by the injunction. *See id.* at 4–5. But Plaintiffs present no evidence that their citizens would be harmed outside of the states already covered by the injunction (as well as the injunctions entered in *Louisiana v. ED*, No. 24-cv-0563 (W.D. La. June 13, 2024, *Tennessee v. Cardona*, No. 24-cv-0072 (E.D. Ky. June 17, 2024), and *Kansas v. ED*, No. 24-cv-4041 (D. Kan. July 2, 2024)). Instead, their theory assumes (i) that an unidentified person would travel to an unidentified other state; (ii) at an unknown future time; (iii) and be required to use a shared bathroom or locker room; (iv) at the same time as a person of the opposite biological sex against their wishes; (v) in a way attributable to the Rule, rather than some separate policy. Such speculation is not sufficient to overcome the confusion and inefficiencies of proceeding to summary judgment while the same issues are being decided in the Court of Appeals.

II. **In the Alternative, the Court Should Extend Defendants' Responsive Pleading Deadline until the Defendants' Deadline to File a Motion for Summary Judgment.**

If the Court is not inclined to stay proceedings pending appeal, Defendants respectfully request that their responsive pleading deadline be extended until they are required to file a motion for summary judgment. A response to the Complaint would serve no purpose at this time, even if district court proceedings are not stayed. The Court's review of the merits will be limited to the administrative record, so no factual allegations require a response. Furthermore, both sets of Plaintiffs have indicated their agreement that a responsive pleading is unnecessary and thus that the deadline can be stayed. Accordingly, whatever briefing schedule the Court enters—if one is entered at all—Defendants' answer deadline should be the same as their Motion for Summary Judgment deadline. Defendants will, at that time, file a combined Motion to Dismiss and Motion for Summary Judgment.

### III. The Court Should Deny Plaintiffs' Motion for Entry of a Briefing Schedule for Dispositive Motions.

For the same reason that a stay of these proceedings is warranted, the Court should deny Plaintiffs' Motion for Entry of a Briefing Schedule for Dispositive Motions, ECF No. 112. In addition, Plaintiffs request an unnecessarily expedited schedule that includes an impractical deadline for production of the administrative record.

Under Plaintiffs' proposed schedule, the Department would be required to serve the administrative record by August 2, 2024. As explained in greater detail in the accompanying declaration, the Department cannot produce the administrative record by that date, and rather can produce it by September 20, 2024 at the earliest. *See generally* Krejci Decl. The Department has already conducted an extensive review of decision makers' and others' files and has identified approximately 700,000 documents that may be appropriate to include in the administrative record. *Id.* ¶ 7. Despite resource constraints, the Department has assigned the maximum possible number of staff to review these documents—15 attorneys—and even then, staff time must necessarily be split between administrative record compilation and other priorities, including the ten lawsuits challenging the Final Rule. *Id.* ¶ 10–11. Furthermore, once those documents have been reviewed, they must be certified for completeness (another layer of review with potential additional searches), and processed for production (i.e., bates numbering, indexing). *Id.* ¶¶ 12–13. For a record of this size with the staff and resources available, the Department believes that the earliest possible production date is September 20, 2024. *Id.* ¶ 14.

Plaintiffs' only response is that the Federal Rules of Appellate Procedure require an administrative record to be produced within 40 days of the agency being served with a petition for review. *See* Pls.' Mot. 5 (citing Fed. R. App. P. 17(a)). But that is just the default timeline in the

7

Court of Appeals: "The court may shorten or extend the time to file the record." Fed. R. App. P. 17(a). Given the size of this record and resource limitations, Plaintiffs' proposal is untenable.

Because the administrative record may be necessary for the Court's review, *see Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997) ("The APA requires courts to 'review the whole record or those parts of it cited by a party.'") (quoting 5 U.S.C. § 706)), it is imperative that the Department has adequate time to produce the record before merits briefing can proceed in this case. As noted above and in the attached declaration, the earliest Defendants are able to produce the administrative record is September 20, 2024. Defendants propose that the parties could then submit a joint status report that proposes a summary judgment briefing schedule within seven days of the administrative record being produced, which would allow the schedule to account for all circumstances that may be relevant at that time.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to stay further district court proceedings in this case until 30 days following the resolution of Defendants' appeal of the Preliminary Injunction.

If the Court is not inclined to stay proceedings pending appeal, Defendants respectfully request that the Court stay their deadlines to respond to Plaintiff States' and Intervenor-Plaintiffs' Complaints until November 15, 2024. The Court should deny Plaintiffs' Motion for Entry of a Briefing Schedule for Dispositive Motions.

Dated: July 8, 2024                                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY B. NESTLER
Assistant Branch Director

*/s/ Benjamin Takemoto*
ELIZABETH TULIS
REBECCA KOPPLIN
BENJAMIN TAKEMOTO
HANNAH SOLOMON-STRAUSS
PARDIS GHEIBI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: 202-305-3246
Fax: (202) 616-8470
E-mail: Pardis.Gheibi@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2024, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

/s/ *Benjamin Takemoto*
BENJAMIN TAKEMOTO