# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### COVINGTON DIVISION

| | |
|---|---|
| **State of Tennessee**; **Commonwealth of Kentucky**; **State of Ohio**; **State of Indiana**; **Commonwealth of Virginia**; and **State of West Virginia**, <br><br> *Plaintiffs,* <br><br> and <br><br> **Christian Educators Association International**; **A.C.**, by her next friend and mother, Abigail Cross, <br><br> *Intervenor-Plaintiffs,* <br><br> v. <br><br> **Miguel Cardona**, in his official capacity as Secretary of Education; and **United States Department of Education**, <br><br> *Defendants*. | **Case No.** 2:24:cv-00072-DCR-CJS <br><br> District Court Judge Danny C. Reeves <br> Magistrate Judge Candace J. Smith |

**INTERVENOR-PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF BRIEFING SCHEDULE AND CROSS-MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL OR, IN THE ALTERNATIVE, FOR A STAY OF DEFENDANTS' DEADLINES TO RESPOND TO PLAINTIFF STATES' AND INTERVENOR-PLAINTIFFS' COMPLAINTS**

## INTRODUCTION

By re-writing Title IX's rules, the Department of Education (Department) threatened to deprive Intervenors of their First Amendment rights and to impose compliance costs and other injuries on the plaintiff-States. Order 79–88, ECF No. 100. This Court's injunction halts that threat—temporarily. Intervenors want that temporary protection to be permanent by resolving this litigation—preferably, quickly. But the Department sees things differently.

The Department seeks to stay all proceedings in this court until after the Sixth Circuit rules on its appeal. *See* Defs.' Motion (Mot.), ECF No. 116. Such a stay would prolong the looming risk of the threat generated by the department's rules and elongate the uncertainty the Department created. What's more, judicial economy counsels against granting the stay. A stay would prejudice the Intervenors while the Department never claims any prejudice if the stay is denied. For those reasons, the Department cannot meet the high burden to justify a stay. So the Department's motion should be denied.

The Department raises two other issues: (a) the briefing schedule and (b) an extension of time to respond to the complaints. As to (a), the plaintiff-States already explained why the proposed schedule is reasonable, and Intervenors consented to that schedule. *See* Mot. for Briefing Schedule 5, ECF No. 112. As to (b), Invervenors do not object to extending the Department's deadline to respond to its complaint until the day the Department files its motion for summary judgment. Because (a) is already addressed and (b) is not objectionable, this response focuses only on the Department's request to stay the district-court proceedings pending appeal.

## ARGUMENT

Where "[j]urisdiction exist[s]," federal courts have a "virtually unflagging" duty to hear cases properly before them. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). Even so, district courts have the inherent power to "stay proceedings." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). District courts exercise that power "carefully" because "a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Because stays disrupt the normal course, the party seeking the stay has the burden to justify it. *Id*. That burden is heavy. The party must show a "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id*. And it must make that showing with a "clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. The Department has not made these showings.

The Department offers two reasons for the stay. Neither suffice.

*First*, the Department claims it would be more efficient to grant the requested stay because the Sixth Circuit's preliminary-injunction ruling might inform the merits of the motions for summary judgment. Mot. 4–5. But this Court has already thoroughly considered and addressed the pure issues of law presented by the Department's rules. Twice. Order, ECF No. 100; Order, ECF No. 117. Given that history, proceeding with summary-judgment motions is more reasonable. That's especially true here where discovery isn't necessary, the case presents pure legal questions, the Department's "interpretation conflicts with the plain language of Title IX and therefore exceeds its authority to promulgate regulations under that statute," Order 92, ECF No. 100, and the rule was "constructed on a foundation of quicksand," Order 5, ECF No. 117.

Consider also the timing. Even if merits briefing and oral argument were completed tomorrow (an impossibility), on average, a decision from the Sixth Circuit

3

would issue sometime in February 2025—about seven months from now. *See Federal Court Management Statistics* 16, https://bit.ly/4bEbRvE (last visited July 10, 2024) (noting 8.8-month median time from notice of appeal to disposition). On remand, this Court would then address motions for summary judgment. And the Sixth Circuit would potentially be required to hear a second appeal. Completing those tasks could easily take a year or more.

But, under state-Plaintiffs' proposed briefing schedule, summary judgment would be completed by August 2024. Even with a slightly extended schedule, the parties could finish the summary judgment briefing soon. This Court could then rule on those motions. And any adversely affected party could appeal that decision to the Sixth Circuit. The Sixth Circuit could then consolidate the appeals, render one, final decision, and obviate the need for a remand on the merits. That process would save time and judicial resources by only requiring one Sixth Circuit ruling.

The Sixth Circuit has authority to consolidate cases. Fed. R. App. P. 3(b)(2). It has exercised that authority in analogous situations. *See, e.g.*, *Myers v. Wren*, No. 22-2148/23-1807, 2024 WL 1506452, at *2 (6th Cir. Apr. 3, 2024) (consolidating plaintiff's appeal of denial of a preliminary injunction with plaintiff's appeal of an order granting summary for defendants); *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 611 (6th Cir. 2013); *Downing v. Life Time Fitness*, 483 F. App'x 12, 15 (6th Cir. 2012); *Boinapally v. Univ. of Tennessee*, 23 F. App'x 512, 514 (6th Cir. 2001).

*Second*, the Department alleges that the Plaintiffs would suffer no "meaningful[] prejudice" by the stay. Mot. 5. Not so. Intervenors hope to resolve this litigation sooner rather than later. They have an interest in ensuring that the new rules do not deprive them of (a) state laws that protect their free speech and (b) school-district harassment policies that protect their free-speech rights more broadly. Intervenors' Compl. ¶¶ 260–66, ECF No. 21-3. Staying the case now likely prolongs this case for at least another year and leaves them in limbo. The public

4

also has an interest in having this case resolved because of its interest in the "correct application" of the law. Order 88, ECF No. 100 (cleaned up); Order 25, ECF No. 117. But a stay here would likewise deprive the public of the certainty of knowing whether the rules apply to matters that affect their daily lives. Against these interests, the Department never even attempts to show how *it* would be prejudiced by denying its request. On balance, a stay isn't warranted.

The Department string cites to several docket entries where district courts granted stay requests. Mot. 4. Those entries establish that district courts have discretion to grant stays, not that a stay is appropriate *here*. The Department also cites several out-of-circuit cases. *Id.* at 5. But those district courts found that the appeal would either streamline the lower court litigation (for example, by potentially limiting discovery) or that the stay didn't prejudice the non-moving party. Neither justification applies here.

More fundamentally, an "appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits." *Zundel v. Holder*, 687 F.3d 271, 282 (6th Cir. 2012). And federal courts in Kentucky frequently deny motions to stay entire proceedings pending appeal. *See, e.g.*, *ARGI Fin. Grp., LLC v. Hardigg*, No. 3:20-CV-587-RGJ, 2020 WL 12812978, at *2 (W.D. Ky. Dec. 8, 2020). *C.f. Brunswick TKTKonnect, LLC v. Kavanaugh*, No. 3:22-CV-00004-RGJ-CHL, 2023 WL 8582592, at *1 (W.D. Ky. Dec. 11, 2023) (denying motion to stay pending arbitration even though Defendant argued proceeding "simultaneously would result in '"an unnecessary waste of resources and present the real possibility of inconsistent rulings"'); *Caudill v. Wells Fargo Home Mortg., Inc.*, No. 5:16-066-DCR, 2016 WL 3820195, at *2–3 (E.D. Ky. July 11, 2016).

The Department has not cleared the high hurdle to justify a stay here. The Department's request should be denied.

5

Respectfully submitted this 11th day of July, 2024.

|  |  |
|---|---|
| Edward L. Metzger III<br>Kentucky Bar No. 94138<br>OMEGA LAW PLLC<br>P.O. Box 559<br>Union, KY 41091<br>(859) 898-2140<br>Lee@nkylaw.net | *s/ Natalie D. Thompson*<br>Jonathan A. Scruggs*<br>Arizona Bar No. 030505<br>Henry W. Frampton, IV*<br>South Carolina Bar No. 75314<br>**Alliance Defending Freedom**<br>15100 N. 90th Street<br>Scottsdale, Arizona 85260<br>(480) 444-0020<br>(480) 444-0028 Fax<br>jscruggs@ADFlegal.org<br>hframpton@ADFlegal.org<br><br>Rachel A. Rouleau*<br>Virginia Bar No. 97783<br>**Alliance Defending Freedom**<br>44180 Riverside Parkway<br>Lansdowne, Virginia 20176<br>(571) 707-2119<br>(571) 707-4790 Fax<br>rrouleau@ADFlegal.org<br><br>Natalie D. Thompson**<br>TX Bar No. 24088529<br>**Alliance Defending Freedom**<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>(202) 393-8690<br>(202) 347-3622 Fax<br>nthompson@ADFlegal.org<br><br>*Counsel for Plaintiffs*<br><br>*\*Admission pro hac vice*<br><br>*\*\*Admission pro hac vice; practice supervised by one or more D.C. Bar members while D.C. Bar application is pending.* |

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2024, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record who are registered users of the ECF system.

*s/ Natalie D. Thompson*

Natalie D. Thompson
TX Bar No. 24088529
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
nthompson@ADFlegal.org
