IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, COMMONWEALTH OF KENTUCKY, STATE OF OHIO, STATE OF INDIANA, COMMONWEALTH OF VIRGINIA, and STATE OF WEST VIRGINIA,<br><br>*Plaintiffs*,<br><br>and<br><br>CHRISTIAN EDUCATORS ASSOCIATION INTERNATIONAL, and A.C., by her next friend and mother, Abigail Cross,<br><br>*Intervenor-Plaintiffs*,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No. 2:24-cv-00072-DCR-CJS<br>District Judge Danny C. Reeves<br>Magistrate Judge Candace J. Smith |

**THE STATES' RESPONSE TO DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL OR, IN THE ALTERNATIVE, FOR A STAY OF DEFENDANTS' RESPONSIVE-PLEADING DEADLINES**

By now, four other courts (in Louisiana, Kansas, and Texas) have joined this Court's conclusion that the Final Rule is likely unlawful and would inflict substantial financial, sovereign, constitutional, and privacy-and-health harms on States and their schools.[1] All have issued preliminary rulings that provide some, but not entire, relief from the Final Rule's unlawful Title IX re-write. Rather than allow this case to advance towards expeditious judgment and finality, though, Defendants now seek to delay district court proceedings or their obligation to file responsive pleadings. This Court should decline Defendants' attempt to benefit indefinitely from a delay of their own making.

The States reiterate the position set out in their prior scheduling motion, which explains why the purely legal questions in this case are amenable to swift resolution sans discovery. *See* Doc. # 112. The States also agree with and fully incorporate Intervenor-Plaintiffs' response to Defendants' stay-of-proceedings request, which explains why both the caselaw and concerns of judicial efficiency in fact cut against delaying these proceedings. *See* Doc. #118. The States briefly write to add or emphasize a few points in response to Defendants' motion.

*First*, Defendants' asserted administrative-record challenges are self-imposed. After all, it was Defendants—not the States—who opted to promulgate a Final Rule filled with unprecedented requirements on an expedited timeline destined to create compliance chaos and swift litigation. And Defendants asked schools to implement these sweeping policies in a matter of months, despite the extensive legal review, hundreds of thousands of personnel, and widespread school-district changes it would take to do so. The States' task is orders of magnitude greater than the one Defendants face with compiling and filing an administrative record (or certified list of record contents). Nor could

---

[1] *See Louisiana v. U.S. Dep't of Educ.*, No. 3:24-CV-00563, 2024 WL 2978786 (W.D. La. June 13, 2024); *Kansas v. U.S. Dep't of Educ.*, No. 24-4041, 2024 WL 3273285 (D. Kan. July 2, 2024); *Carrol Ind. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-cv-00461, 2024 WL 3381901 (N.D. Tex. July 11, 2024); *Texas v. United States*, No. 2:24-cv-00086, 2024 WL 3405342 (N.D. Tex. July 11, 2024).

1

Defendants have missed the tidal wave of litigation their Final Rule would generate, which should have prompted them to begin compiling the administrative record as soon as the Final Rule was promulgated. And even accepting that the Department of Education and DOJ cannot spare enough lawyers to facilitate quicker review, Defendants make no mention of other options—like technology-assisted review—parties routinely must employ.

*Second*, even if Defendants needed some extra time to compile the administrative record, that should not stop summary-judgment briefing from proceeding. The States and Intervenors' statutory-authority claims do not involve the record at all. And Defendants have nowhere disputed that the States and many other groups proffered concrete data, examples, and comment material regarding the safety, privacy, and fairness harms the Final Rule's gender-identity mandate would inflict. Nor could they: Those comments were filed publicly for all to see and appended to the States' pleadings. *See, e.g.*, Docs. # 1-3, 1-6. Yet the Final Rule does not acknowledge these important aspects of the problem and significant comments. That procedurally and substantively flawed analysis—appearing across one page of the Federal Register, *see* 89 Fed. Reg. at 33,820—alone renders the Final Rule invalid. *Cf.* Doc. # 100, at 66-77. The States do not need access to the broader record to prove that point.

For these reasons, the States, consistent with their prior scheduling motion, would be amenable to filing their summary judgment briefing without access to the full administrative record. That approach would permit Defendants additional time to compile the record and file an answer and summary judgment response without injecting the significant delay Defendants seek.

*Third*, Defendants' recent litigation conduct underscores the continued need for moving this case towards final judgment. Defendants have sought Sixth Circuit review of this Court's preliminary-relief decision but have not moved to expedite the appeal. Instead, Defendants requested a partial stay of the injunction that this Court denied for good reason—and that the Sixth Circuit appears set

2

to resolve shortly.  *See* Order, No. 24-5588 (6th Cir. July 11, 2024), Dkt. 35.  Defendants' push to have States implement part of the Final Rule betrays a stunning lack of awareness about how compliance with the Final Rule will actually work in practice.  That, or Defendants see no inequity with requiring States to direct duplicative sums toward complying with partial and then final instructions about the Final Rule's scope rather than serving students.  Meanwhile, other district courts are contemplating preliminary relief that would partially or wholly affect Plaintiff States here, adding on an additional layer of temporary confusion and complexity that a final judgment could eliminate.  *See, e.g.*, Ex. B to Motion to Modify Injunction, *Kansas v. U.S. Dep't of Educ.*, No. 5:24-cv-04041 (July 12, 2024), Doc. No. 62-2.

       The confusing compliance limbo resulting from the Final Rule and Defendants' litigation strategy does not serve the parties' or the public's interest.  Only vacatur of the Final Rule outright will provide the States full relief and their schools uniform compliance instructions, as well as a complete picture for appellate review.  The States thus respectfully continue to seek entry of a briefing schedule that would permit resolution of the district court proceedings in this case.  To the extent the Sixth Circuit alters the current course or timeline of appellate review, this Court could provide appropriate scheduling relief at that date.

| | |
|---|---|
| Dated: July 15, 2024 | Respectfully Submitted, |
| **RUSSELL COLEMAN**<br>  Attorney General | **JONATHAN SKRMETTI**<br>  Attorney General and Reporter |
| */s/ Justin D. Clark*<br>JUSTIN D. CLARK<br>  Civil Chief<br>VICTOR B. MADDOX<br>  Counsel for Special Litigation<br>LINDSEY R. KEISER<br>  Assistant Attorney General<br>**Kentucky Office of the Attorney General**<br>700 Capital Avenue, Suite 118<br>Frankfort, Kentucky 40601<br>(502) 696-5300<br>victor.maddox@ky.gov<br>justind.clark@ky.gov<br>lindsey.keiser@ky.gov<br><br>*Counsel for the Commonwealth of Kentucky* | */s/ Whitney D. Hermandorfer*<br>J. MATTHEW RICE*<br>  Solicitor General<br>WHITNEY D. HERMANDORFER*<br>  Director of Strategic Litigation<br>STEVEN J. GRIFFIN*<br>  Senior Counsel for Strategic Litigation &<br>Assistant Solicitor General<br>VIRGINIA N. ADAMSON*<br>  Counsel for Strategic Litigation &<br>Assistant Solicitor General<br>BRIAN DANIEL MOUNCE*<br>  Counsel for Strategic Litigation &<br>Assistant Solicitor General<br>**Office of the Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>(615) 741-3491<br>matt.rice@ag.tn.gov<br>whitney.hermandorfer@ag.tn.gov<br>steven.griffin@ag.tn.gov<br>jenna.adamson@ag.tn.gov<br>brian.mounce@ag.tn.gov<br><br>*Counsel for the State of Tennessee* |
| **THEODORE E. ROKITA**<br>  Attorney General | **DAVE YOST**<br>  Attorney General |
| */s/ James A. Barta*<br>JAMES A. BARTA*<br>  Solicitor General<br>CORRINE L. YOUNGS*<br>  Policy Director and Legislative Counsel<br>JOSHUA DAVID*<br>  Deputy Attorney General - Policy<br>**Indiana Attorney General's Office**<br>IGCS – 5th Floor<br>302 W. Washington St.<br>Indianapolis, IN 46204<br>(317) 232-0709 | */s/ T. Elliot Gaiser*<br>T. ELLIOT GAISER*<br>  Solicitor General<br>MATHURA SRIDHARAN*<br>  Deputy Solicitor General<br>**Office of the Ohio Attorney General**<br>30 East Broad Street, 17th Floor<br>Columbus, Ohio 43215<br>(614) 466-8980<br>thomas.gaiser@ohioago.gov<br>mathura.sridharan@ohioago.gov<br><br>*Counsel for the State of Ohio* |

james.barta@atg.in.gov
corrine.youngs@atg.in.gov
joshua.david@atg.in.gov

*Counsel for the State of Indiana*

| | |
|---|---|
| **JASON S. MIYARES**<br>   Attorney General | **PATRICK MORRISEY**<br>   Attorney General |
| */s/ Kevin M. Gallagher*<br>KEVIN M. GALLAGHER*<br>   Principal Deputy Solicitor General<br>BRENDAN T. CHESTNUT*<br>   Deputy Solicitor General<br>**Virginia Attorney General's Office**<br>202 North 9th Street<br>Richmond, Virginia 23219<br>(804) 786-2071<br>kgallagher@oag.state.va.us<br>bchestnut@oag.state.va.us<br><br>*Counsel for the Commonwealth of Virginia* | */s/ Michael R. Williams*<br>MICHAEL R. WILLIAMS*<br>   Solicitor General<br>**Office of the West Virginia Attorney General**<br>State Capitol, Bldg. 1, Room E-26<br>1900 Kanawha Blvd. E.<br>Charleston, West Virginia 25305<br>304-558-2021<br>michael.r.williams@wvago.gov<br><br>*Counsel for the State of West Virginia* |

\**Admitted pro hac vice*

5

**CERTIFICATE OF SERVICE**

I certify that on July 15, 2024, the above document was filed with the CM/ECF filing system, which provided copies of the foregoing to all counsel of record.

>                          */s/ Whitney D. Hermandorfer*
>                          WHITNEY D. HERMANDORFER