UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| STATE OF TENNESSEE, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 2: 24-072-DCR |
| ) | |
| V. ) | |
| ) | |
| MIGUEL CARDONA, in his Official ) | **MEMORANDUM OPINION** |
| Capacity as Secretary of Education, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

*** *** *** ***

On June 17, 2024, this Court granted the plaintiffs' motion for a preliminary injunction preventing the defendants from enforcing their new rule implementing Title IX of the Education Amendments of 1972 (the "Final Rule" or "Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance," 89 Fed. Reg. 33474 (Apr. 29, 2024)). The following week, the defendants appealed this decision to the United States Court of Appeals for the Sixth Circuit. *State of Tenn., et al. v. Cardona, et al.*, No. 24-5588. That appeal remains pending.

Seeking to move forward with the resolution of this matter, the plaintiff-States have moved for entry of a briefing schedule for dispositive motions. The plaintiffs contend that there is no reason for delay, as discovery is not needed and resolution of this case turns largely on issues of law. The plaintiffs further contend that postponing a final decision harms the parties because schools, students, and citizens of the plaintiff-States need certainty concerning the potential effects of the Final Rule.

The defendants oppose the plaintiffs' requested briefing schedule and instead have filed a motion to stay the proceedings before this Court pending resolution of the appeal of the preliminary injunction order. The defendants argue that this approach would be most efficient, as issues resolved on appeal could be relevant to the remaining proceedings in this case. The defendants also assert that a stay of proceedings would not prejudice the plaintiffs because the Final Rule is currently stayed.

The Court notes as a preliminary matter that "[a] stay is an intrusion into the ordinary processes of administration and judicial review." *ARGI Fin. Grp., LLC v. Hardigg*, 2020 WL 12812978, at *1 (W.D. Ky. Dec. 8, 2020) (quoting *Dodds v. United States Dep't of Educ.*, 845 F.3d 217, 220 (6th Cir. 2016)). Further, an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with an action on the merits. *Zundel v. Holder*, 687 F.3d 271, 282 (6th Cir. 2012). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of the court's discretion to grant such extraordinary relief. *Id.* (quoting *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009)). The defendants have failed to meet this burden here.

While efficiency may have some bearing on the inquiry, the Court ordinarily considers the following four factors in addressing the relief requested by the defendants: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The defendants did not address these factors in the motion for a stay and, as the Court explained at length in the Memorandum

Opinion and Order of June 17, 2024, the defendants have not made a strong showing that they are likely to succeed on the merits. The defendants have failed to satisfy their burden of showing that a stay of the proceedings is appropriate and the motion will be denied.

The parties also disagree on how much time is needed to file and brief dispositive motions. This dispute centers mainly on the defendants' assertion that it can produce the administrative record no earlier than September 20, 2024. In support, the Department reports that it has identified "approximately 700,000 documents that may be appropriate to include in the administrative record," which must be reviewed and processed for production by the 15 attorneys assigned to this project. But the Administrative Procedure Act provides that a court reviewing an agency action "shall review the whole record *or* those parts of it cited by a party." 5 U.S.C. § 706. Based on the parties' filings thus far and the issues raised therein, it appears highly unlikely that anything approaching 700,000 documents would be necessary in this case. Consistent with § 706, the Court will only require filing of the portions of the record cited by the plaintiffs in their motion for summary judgment and by the defendants in any cross-motion. The defendants *may* file any additional portions of the administrative record that they wish and the plaintiffs may request production of additional parts of it, but the Court will not delay the proceedings to accommodate this request by the defendants.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The plaintiff-States' motion for entry of a briefing schedule [Record No. 112] is **GRANTED**, as follows:

    a. The plaintiffs are directed to file any motion(s) for summary judgment **on or before Friday, July 26, 2024**.

  b. The defendants must file relevant portions of the administrative record **on or before Friday, August 16, 2024**.

  c. The defendants must file their response(s) to the plaintiffs' dispositive motions as well as any cross-motions on or before **Friday, August 23, 2024**.

  d. The plaintiffs must file responses to the defendants' cross-motions and replies in support of their own dispositive motions on or before **Wednesday, September 4, 2024**.

  e. The defendants must file their replies in support of any cross-motions on or before **Friday, September 13, 2024**.

  2. The defendants' motion to stay the proceedings pending appeal or, in the alternative, to extend the deadline filing a responsive pleading, [Record No. 116] is **DENIED**. The defendants' deadline to respond to the Complaint is **Monday, July 22, 2024**. [1]

Dated: July 16, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[1] The defendants previously expressed the parties' agreement that the defendants need not file an Answer; however, the Court subsequently notified the parties that they must file a stipulation to that effect to obviate the need for the defendants to file a responsive pleading. The parties failed to file such a stipulation.