IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, COMMONWEALTH OF KENTUCKY, STATE OF OHIO, STATE OF INDIANA, COMMONWEALTH OF VIRGINIA, and STATE OF WEST VIRGINIA, <br><br>*Plaintiffs*, <br><br>and <br><br>CHRISTIAN EDUCATORS ASSOCIATION INTERNATIONAL, and A.C., by her next friend and mother, Abigail Cross, <br><br>*Intervenor-Plaintiffs*, <br><br>v. <br><br>MIGUEL CARDONA, in his official capacity as Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION, <br><br>*Defendants*. | Case No. 2:24-cv-00072-DCR-CJS <br>District Judge Danny C. Reeves <br>Magistrate Judge Candace J. Smith |

## [PROPOSED] FINAL JUDGMENT

For the reasons stated in the Court's separate Memorandum Opinion and Order, the Court GRANTS Plaintiffs' Motion for Summary Judgment (Doc. No. 126) and ORDERS the following relief:

1. The Court VACATES and SETS ASIDE the Final Rule issued by the U.S. Department of Education ("Department") titled Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024) ("Final Rule"), pursuant to 5 U.S.C. § 706.

2. The Court DECLARES, pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 706, that:

   a. The Final Rule is unlawful because its interpretation of Title IX's prohibition against discrimination "on the basis of sex" (i) exceeds the Department's statutory authority; (ii) violates the U.S. Constitution; and (iii) is arbitrary and capricious; and because the Department's adoption of the Rule was arbitrary and capricious and procedurally invalid;

   b. Title IX's prohibition against discrimination "on the basis of sex" does not encompass gender identity or the characteristics other than "sex" that the Final Rule identifies, *see* proposed § 106.10;

   c. Title IX does not prohibit Plaintiff States, their respective political subdivisions, or their recipient schools from maintaining the sex-separated facilities, programs, and activities included within the Title IX regulations, *see* 34 C.F.R. §§ 106.33-34, .41, including bathrooms, locker rooms, showers, housing, contact sports in physical education classes, sex-ed classes, and choruses, nor does Title IX forbid them from prohibiting students from using or participating in such facilities, programs, and activities if designated for the opposite sex;

   d. Title IX does not require Plaintiff States, their respective political subdivisions, their respective schools, or employees of covered recipients to use pronouns that align with a person's gender identity rather than sex; and

   e. Plaintiff States, their respective political subdivisions, and their recipient schools may continue receiving Title IX funding notwithstanding their refusal to comply with the Final Rule's unlawful provisions.

3. The Court PERMANENTLY ENJOINS Defendants and any agencies, officers, employees, attorneys, or other persons in active concert or participation with Defendants from:

   a. Taking any action to implement or enforce the Final Rule against Plaintiff States, their respective political subdivisions, or their recipient schools;

   b. Withholding any Title IX funding from Plaintiff States, their respective political subdivisions, and their recipient schools for refusing to comply with the Final Rule's unlawful provisions; and

   c. Initiating or continuing any investigation, compliance review, technical assistance, administrative proceeding, pursuit of voluntary resolution, referral to the U.S. Department of Justice, or any other enforcement action against Plaintiff States, their respective political subdivisions, or their recipient schools based on or consistent with the Final Rule's unlawful interpretation of Title IX's prohibition against discrimination "on the basis of sex."

**SO ORDERED**.

_____                                              _____
Date                                                                                              United States District Court Judge