# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# COVINGTON DIVISION

| | |
|---|---|
| **State of Tennessee**; **Commonwealth of Kentucky**; **State of Ohio**; **State of Indiana**; **Commonwealth of Virginia**; and **State of West Virginia**,<br><br>*Plaintiffs,*<br><br>and<br><br>**Christian Educators Association International**; **A.C.**, by her next friend and mother, Abigail Cross,<br><br>*Intervenor-Plaintiffs,*<br><br>v.<br><br>**Miguel Cardona**, in his official capacity as Secretary of Education; and **United States Department of Education**,<br><br>*Defendants.* | **Case No.** 2:24-cv-00072-DCR-CJS<br><br>District Judge Danny C. Reeves<br>Magistrate Judge Candace J. Smith |

## INTERVENOR-PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Intervenor-Plaintiffs A.C., by her next friend and mother, Abigail Cross, and Christian Educators Association International, move this Court for summary judgment against Defendants Miguel Cardona and the United States Department of Education under Federal Rule of Civil Procedure Rule 56. As explained below and in the accompanying memorandum of law, the Department of Education's proposed Title IX regulation, 89 Federal Register 33,474 (April 29, 2024) (the Rule), is inconsistent with the Title IX statute and infringes on Intervenor-Plaintiffs' First Amendment freedoms and rights to bodily privacy. Intervenor-

1

Plaintiffs request that this court hold the Rule unlawful and set it aside pursuant to 5 U.S.C. § 706, because it violates Title IX, the Administrative Procedure Act ("APA"), and the U.S. Constitution.

Intervenor-Plaintiffs further request that this Court enter a permanent injunction enjoining Defendants and any other agency or employee of the United States from enforcing or implementing the Rule for violating Title IX, the APA, and the U.S. Constitution. In the alternative, Intervenor-Plaintiffs request a permanent injunction enjoining Defendants from enforcing the Rule in the six Plaintiff states, against Plaintiff A.C.'s school, against any school Plaintiff A.C. visits during a school-sponsored extra-curricular activity, and against any school where a member of Christian Educators Association International is employed.

Intervenor-Plaintiffs also request a judgment declaring, pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 706, that (i) the Rule's interpretation of Title IX is unlawful and (ii) the Rule is arbitrary and capricious.

In support of their motion, Intervenor-Plaintiffs rely on any oral argument permitted; prior documents, orders, and arguments filed or held in this case; and the following documents:

- Declaration of A.C. (ECF No. 21-5);
- Declaration of David Schmus (ECF No. 21-7);
- Declaration of Brett Campbell (ECF No. 21-8);
- Declaration of Michelle Keaton (ECF No. 21-9);
- Declaration of Amy McKay (ECF No. 21-10);
- Declaration of Silvia Moore (ECF No. 21-11);
- Declaration of Joshua Taylor (ECF No. 21-12);
- Declaration of Christian Winkler;
- Declaration of Te'Andra Parker;
- Declaration of William Field;

- Supplemental Declaration of A.C.;
- Supplemental Declaration of Joshua Taylor;
- Supplemental Declaration of Amy McKay;
- Supplemental Declaration of Rachel A. Rouleau; and
- Athletic Records of B.P.J. (ECF No. 21-6; 63-2).

For the Court's convenience, Intervenor-Plaintiffs have re-filed their prior declarations alongside their new declarations at the summary-judgment stage.

If the Court believes that any type of bond is necessary, Intervenor-Plaintiffs ask the Court to waive that bond. *See Moltan Co. v. Eagle-Picher Indus.*, Inc., 55 F.3d 1171, 1175-76 (6th Cir. June 2, 1995) (upholding district court's decision to waive bond requirement given the strength of the arguments and the public interest involved).

If the Court grants this motion in whole or in part, Intervenor-Plaintiffs reserve the right to then file a motion to award attorneys' fees and costs as the prevailing party. *See, e.g.*, 28 U.S.C. § 2412.

Respectfully submitted this 26th day of July, 2024.

|  |  |
|---|---|
| Edward L. Metzger III<br>Kentucky Bar No. 94138<br>OMEGA LAW PLLC<br>P.O. Box 559<br>Union, KY 41091<br>(859) 898-2140<br>Lee@nkylaw.net | */s/ Natalie D. Thompson*<br>Jonathan A. Scruggs*<br>Arizona Bar No. 030505<br>Henry W. Frampton, IV*<br>South Carolina Bar No. 75314<br>**Alliance Defending Freedom**<br>15100 N. 90th Street<br>Scottsdale, Arizona 85260<br>(480) 444-0020<br>(480) 444-0028 Fax<br>jscruggs@ADFlegal.org<br>hframpton@ADFlegal.org<br><br>Rachel A. Rouleau*<br>Virginia Bar No. 97783 |

3

**Alliance Defending Freedom**
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-2119
(571) 707-4790 Fax
rrouleau@ADFlegal.org

Natalie D. Thompson**
TX Bar No. 24088529
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
nthompson@ADFlegal.org

*Counsel for Intervenor-Plaintiffs*

*Admitted pro hac vice

**Admitted pro hac vice; practice supervised by one or more D.C. Bar members while D.C. Bar application is pending.

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2024, a copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system. I further certify that the foregoing document was served using the CM/ECF system on all counsel of record.

>   */s/ Natalie D. Thompson*
>   Natalie D. Thompson
>   TX Bar No. 24088529
>   **Alliance Defending Freedom**
>   440 First Street NW, Suite 600
>   Washington, DC 20001
>   (202) 393-8690
>   (202) 347-3622 Fax
>   nthompson@ADFlegal.org