# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## COVINGTON DIVISION

| | |
|---|---|
| **State of Tennessee**; **Commonwealth of Kentucky**; **State of Ohio**; **State of Indiana**; **Commonwealth of Virginia**; and **State of West Virginia**,<br><br>*Plaintiffs,*<br><br>*and*<br><br>**Christian Educators Association International**; **A.C.**, by her next friend and mother, Abigail Cross,<br><br>*Intervenor-Plaintiffs,*<br><br>v.<br><br>**Miguel Cardona**, in his official capacity as Secretary of Education; and **United States Department of Education**,<br><br>*Defendants.* | **Case No.** 2:24-cv-00072-DCR-CJS<br><br>District Judge Danny C. Reeves<br>Magistrate Judge Candace J. Smith |

## PROPOSED ORDER GRANTING INTERVENOR-PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This matter comes before this Court on Intervenor-Plaintiffs', A.C., by her next friend and mother, Abigail Cross, and Christian Educators Association International, motion for summary judgment against Defendants Miguel Cardona and the United States Department of Education under Federal Rule of Civil Procedure Rule 56. This Court, having reviewed the motion and being otherwise sufficiently advised, finds as follows:

The Department of Education's proposed Title IX regulation, 89 Federal Register 33,474 (April 29, 2024) (the Rule), is inconsistent with the Title IX statute

and infringes on Intervenor-Plaintiffs' First Amendment freedoms and rights to bodily privacy. This Court holds the Rule unlawful and sets it aside pursuant to 5 U.S.C. § 706, because it violates Title IX, the Administrative Procedure Act ("APA"), and the U.S. Constitution.

This Court enters a permanent injunction enjoining Defendants and any other agency or employee of the United States from enforcing or implementing the Rule for violating Title IX, the APA, and the U.S. Constitution.

This Court issues a judgment declaring, pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 706, that (i) the Rule's interpretation of Title IX is unlawful and (ii) the Rule is arbitrary and capricious.

The Court finds that no bond is necessary to issue this permanent injunction and vacatur and that any bond would be waived anyway. *See Moltan Co. v. Eagle-Picher Indus.*, Inc., 55 F.3d 1171, 1175-76 (6th Cir. June 2, 1995) (upholding district court's decision to waive bond requirement given the strength of the arguments and the public interest involved).

The Court permits Intervenor-Plaintiffs to file a motion seeking attorneys' fees and costs. *See, e.g.*, 28 U.S.C. § 2412.


Done this _____ day of _____, 2024.


_____
Chief Judge Danny C. Reeves