**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)**

| | |
|---|---|
| STATE OF TENNESSEE, et al., | |
| Plaintiffs, | |
| and | |
| CHRISTIAN EDUCATORS ASSOCIATION INTERNATIONAL, et al. | Case No. 2:24-072-DCR |
| Plaintiffs-Intervenors, | |
| v. | |
| DENISE CARTER, in her interim official capacity as Secretary of Education, et al., | |
| Defendants, | |
| and | |
| A BETTER BALANCE, | |
| [Proposed] Intervenor-Defendant. | |

**PROPOSED INTERVENOR-DEFENDANT A BETTER BALANCE'S
ANSWER TO PLAINTIFFS' COMPLAINT**

Proposed Intervenor-Defendant A Better Balance ("ABB"), by and through their

undersigned counsel, hereby answers Plaintiffs' complaint as follows:

**ANSWER**

1.      Paragraph 1 contains legal conclusions to which no response is required. To the

extent a response is deemed required, ABB admits that Title IX bars discrimination on the basis

of sex by schools receiving federal funds. The allegations are otherwise denied.

2.      Paragraph 2 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

3.      Paragraph 3 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

4.      Paragraph 4 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

5.      Paragraph 5 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

6.      Paragraph 6 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

7.      Paragraph 7 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

8.      Paragraph 8 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

9.      Paragraph 9 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the United States Department of Education promulgated the final rule entitled Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024) (the "Final Rule"), which took effect on August 1, 2024 and contains the quoted language. ABB otherwise denies the allegations contained in paragraph 9.

10.     Paragraph 10 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

11.     Paragraph 11 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the Final Rule provides that Title IX protects persons who are "participating or attempting to participate" in a recipient's program or activity. The allegations in paragraph 10 are otherwise denied.

12.     Paragraph 12 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13.     Paragraph 13 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14.     Paragraph 14 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

15.     Paragraph 15 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

16.     Paragraph 16 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

17.     Paragraph 17 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies them.

18.     Paragraph 18 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations are denied.

3

19.     Paragraph 19 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies them.

20.     Paragraph 20 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies them.

21.     Paragraph 21 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies them.

22.     Paragraph 22 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations are denied.

## PARTIES

23.     ABB admits that Plaintiff the State of Tennessee is a sovereign State. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 23. The remaining allegations of paragraph 23 contain legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

24.     ABB admits that Plaintiff the Commonwealth of Kentucky is a sovereign State. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.    ABB admits that Plaintiff the State of Indiana is a sovereign State. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.    ABB admits that Plaintiff the State of Ohio is a sovereign State. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.    ABB admits that Plaintiff the Commonwealth of Virginia is a sovereign State. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.    ABB admits that Plaintiff the State of West Virginia is a sovereign State. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.    ABB denies the allegations in paragraph 29 to the extent that they suggest that the U.S. Department of Education is solely responsible for the enforcement of Title IX, which is also enforceable through a private right of action. Paragraph 29 is otherwise admitted.

30.    ABB denies the allegations in paragraph 30. Defendant Miguel Cardona is no longer the U.S. Secretary of Education.

31.    ABB admits that Plaintiffs refer to Defendants U.S. Department of Education and Miguel Cardona together as the "Department" in their complaint.

## JURISDICTION AND VENUE

32.    ABB admits the allegations in paragraph 32.

33.    ABB admits the allegations in paragraph 33.

34.    ABB admits the allegations in paragraph 34.

35.    ABB denies the allegations in paragraph 35.

36.    ABB admits the allegations in paragraph 36.

37.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies them.

## FACTUAL ALLEGATIONS

38.    Paragraph 38 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

39.    Paragraph 39 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

40.    Paragraph 40 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

41.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies them.

42.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies them.

43.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore denies them.

44.    ABB admits the allegations in paragraph 44.

45.    ABB admits the allegations in paragraph 45.

46.     ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, which are vague, and therefore denies them.

47.     ABB admits the allegations in paragraph 47.

48.     ABB admits the allegations in paragraph 48.

49.     ABB admits the allegations in paragraph 49.

50.     ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and therefore denies them.

51.     ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and therefore denies them.

52.     ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and therefore denies them.

53.     ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 and therefore denies them.

54.     ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 and therefore denies them.

55.     ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and therefore denies them.

56.     ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and therefore denies them.

57.     ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and therefore denies them.

58.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and therefore denies them.

59.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and therefore denies them.

60.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and therefore denies them.

61.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and therefore denies them.

62.    Paragraph 62 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

63.    Paragraph 63 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

64.    Paragraph 64 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

65.    Paragraph 65 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

66.    Paragraph 66 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

67.    Paragraph 67 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

68.     Paragraph 68 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that Congress enacted Title IX in part to remedy discrimination against women. The allegation is otherwise denied.

69.     Paragraph 69 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and therefore denies them.

70.     Paragraph 70 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 and therefore denies them.

71.     Paragraph 71 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the referenced 1975 regulations include the quoted language. The allegations are otherwise denied.

72.     Paragraph 72 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the regulations include the quoted language. The allegations are otherwise denied.

73.     Paragraph 73 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the regulations include the quoted language. The allegations are otherwise denied.

74.     Paragraph 74 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information sufficient to form a belief as to the last line of the paragraph, which is vague. The allegations are otherwise admitted.

75.     Paragraph 75 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that judicial decisions reflect that one of the reasons Congress enacted Title IX was to combat discrimination against women in education.

76.     Paragraph 76 contains a legal conclusion to which no response is required. To the extent that a response is deemed required, ABB denies the allegations in paragraph 76.

77.     Paragraph 77 contains a legal conclusion to which no response is required. To the extent that a response is deemed required, ABB admits that the 1997 guidance included the quoted language and did not use the term "gender identity." The allegations are otherwise denied.

78.     ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 and therefore denies them.

79.     Paragraph 79 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79, which are vague, and therefore denies them.

80.     ABB admits that the 2014 guidance document interpreted Title IX to prohibit discrimination based on gender identity. The allegations are otherwise denied.

81.     Paragraph 81 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the 2016 guidance document included the quoted language. The allegations are otherwise denied.

82.     Paragraph 82 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to

10

form a belief as to the truth of the allegations contained in paragraph 82 and therefore denies
them.

83.     ABB admits the allegations in paragraph 83.

84.     Paragraph 84 contains a legal conclusion to which no response is required. To the
extent a response is required, ABB admits that the 2017 Dear Colleague Letter made the quoted
claims. The allegations are otherwise denied.

85.     Paragraph 85 contains a legal conclusion to which no response is required. To the
extent a response is deemed required, ABB admits that the Department promulgated the cited
amendments to its Title IX regulations in 2020 and made the quoted statements. ABB is
otherwise without knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph 85 and therefore denies them.

86.     Paragraph 86 contains a legal conclusion to which no response is required. To the
extent a response is deemed required, ABB admits that the Department made the quoted
statements.

87.     Paragraph 87 contains a legal conclusion to which no response is required. To the
extent a response is deemed required, ABB admits that the Department made the quoted
statements. ABB lacks knowledge or information sufficient to form a belief as to the truth of the
allegation that the 2020 Rule "did not amend other regulations implementing" Title IX and
therefore denies it.

88.     Paragraph 88 contains a legal conclusion to which no response is required. To the
extent a response is deemed required, the allegation is admitted.

89.     Paragraph 89 contains a legal conclusion to which no response is required. To the
extent a response is deemed required, the allegation is admitted.

90.     Paragraph 90 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

91.     Paragraph 91 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

92.     Paragraph 92 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

93.     Paragraph 93 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

94.     Paragraph 94 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the Supreme Court did not discuss Title IX in *Bostock v. Clayton County*. The allegations are otherwise denied.

95.     Paragraph 95 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that many courts have concluded that *Bostock*'s reasoning applies to Title IX. The allegations are otherwise denied.

96.     Paragraph 96 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the January 2021 memorandum made the quoted claims. ABB denies the truth of the claims made in the memorandum.

97.     Paragraph 97 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

98.     Paragraph 98 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the 2021 executive order included the quoted language. ABB is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 98 and therefore denies them.

12

99.     ABB admits the allegations in paragraph 99.

100.     Paragraph 100 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

101.     Paragraph 101 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the Department interpreted Title IX to cover discrimination based on sexual orientation and gender identity and concluded that this interpretation was most consistent with the text and purpose of Title IX. The allegations are otherwise denied.

102.     ABB admits the allegations in paragraph 102.

103.     Paragraph 103 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103, which are vague, and therefore denies them.

104.     Paragraph 104 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

105.     Paragraph 105 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

106.     Paragraph 106 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the substance of the claims made by the Court in *Tennessee v. U.S. Department of Education*. The allegation is otherwise admitted.

107.     Paragraph 107 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

108.    ABB admits the U.S. Department of Education proposed amendments to its Title IX regulations in July 2022. ABB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 108 and therefore denies them.

109.    Paragraph 109 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

110.    Paragraph 110 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

111.    Paragraph 111 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

112.    Paragraph 112 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

113.    Paragraph 113 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations, which are vague, and therefore denies them.

114.    Paragraph 114 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

115.    Paragraph 115 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

116.    Paragraph 116 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

117.    ABB admits that the Proposed Facilities-and-Programs Rule received more than 200,000 total comments. ABB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 117 and therefore denies them.

118.    ABB admits that the State of Tennessee and nineteen co-signing States submitted a public comment on the Proposed Facilities-and-Program Rules. ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 and therefore denies them.

119.    Paragraph 119 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 and therefore denies them.

120.    Paragraph 120 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 and therefore denies them.

121.    Paragraph 121 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 and therefore denies them.

122.    Paragraph 122 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 and therefore denies them.

123.    Paragraph 123 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 and therefore denies them.

124.    Paragraph 124 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 and therefore denies them.

125.    Paragraph 125 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations are denied.

126.    ABB admits that the U.S. Department of Education proposed a Title IX rule in April 2023 applying the rule at issue here to athletics and that it provided thirty-two days for public comments to be submitted.

127.    ABB admits the allegations in paragraph 127.

128.    Paragraph 128 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies that the Department's proposed standard relied solely on Equal Protection cases. The allegations are otherwise admitted.

129.    Paragraph 129 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations are denied.

130.    Paragraph 130 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations are admitted.

131.    Paragraph 131 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to

form a belief as to the truth of the remaining factual allegations contained in paragraph 131 and therefore denies them.

132.   ABB admits that the State of Tennessee and sixteen other States submitted a public comment on the Proposed Athletics Rule. ABB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 132 and therefore denies them.

133.   ABB admits that the State of Indiana submitted a public comment on the Proposed Athletics Rule. ABB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 132 and therefore denies them.

134.   ABB admits that the Proposed Athletics Rule received more than 150,000 total comments. ABB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 134 and therefore denies them.

135.   ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 and therefore denies them.

136.   Paragraph 136 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 136 and therefore denies them.

137.   ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 and therefore denies them.

138.   ABB admits that on April 29, 2024, the U.S. Secretary of Education published the final version of the Proposed Facilities-and-Programs Rule. ABB is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 138, which are vague, and therefore denies them.

139.    Paragraph 139 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

140.    Paragraph 140 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations are admitted except for the last line, which is denied.

141.    Paragraph 141 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the first line is denied. The allegation is otherwise admitted.

142.    Paragraph 142 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

143.    Paragraph 143 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

144.    Paragraph 144 contains a legal conclusion to which no response is required. To the extent a response is deemed required, first and last lines are denied. The allegations are otherwise admitted.

145.    Paragraph 145 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the Final Rule provides that "requiring a student to submit to invasive medical inquiries or burdensome documentation requirements to participate in a recipient's education program or activity consistent with their gender identity imposes more than de minimis harm. In particular, a recipient may not require a person to provide documentation (such as an amended birth certificate or evidence of medical

treatment) to validate their gender identity for purposes of compliance with § 106.31(a)(2) if access to such documentation is prohibited by law in that jurisdiction." The allegation is otherwise denied.

146.    Paragraph 146 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

147.    Paragraph 147 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

148.    Paragraph 148 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

149.    Paragraph 149 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

150.    Paragraph 150 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

151.    Paragraph 151 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

152.    Paragraph 152 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

153.    Paragraph 153 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

154.    Paragraph 154 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies them.

155.    Paragraph 155 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

156.    Paragraph 156 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

157.    Paragraph 157 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

158.    Paragraph 158 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

159.    Paragraph 159 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

160.    Paragraph 160 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits the Department concluded the major questions doctrine and did not preclude the Final Rule. ABB lacks knowledge of information sufficient to form a belief as to the truth of the remaining allegations, which are vague, and therefore denies them.

161.    Paragraph 161 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as to the first sentence, which is vague. The allegations are otherwise admitted.

162.    Paragraph 162 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

163.    ABB admits that the quoted language appears in the Final Rule, though Plaintiffs alter the Final Rule's language in paragraph 163.

164.    Paragraph 164 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

165.    Paragraph 165 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

166.    Paragraph 166 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

167.    Paragraph 167 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

168.    Paragraph 168 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

169.    Paragraph 169 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

170.    Paragraph 170 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

171.    Paragraph 171 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

172.    Paragraph 172 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

173.    Paragraph 173 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

174.    Paragraph 174 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

175.    Paragraph 175 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

176.    Paragraph 176 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

177.    Paragraph 177 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the Department adopted a definition of sex-based harassment in the Final Rule that is different from the 2020 Rule and that may encompass some conduct the 2020 Rule does not, and denies the remainder of the allegation.

178.    Paragraph 178 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the Final Rule does not limit the definition of sex-based harassment to conduct that occurs on school campuses, and denies the remainder of the allegation.

179.    Paragraph 179 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

180.    Paragraph 180 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

181.    Paragraph 181 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

182.    Paragraph 182 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

183.    Paragraph 183 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

184.    Paragraph 184 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

185.    ABB admits that the Final Rule was promulgated with an effective date of August 1, 2024. ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185 and therefore denies them.

186.    Paragraph 186 contains a legal conclusion to which no response is required. ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186 and therefore denies them.

187.    Paragraph 187 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187 and therefore denies them.

188.    Paragraph 188 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188 and therefore denies them.

189.    Paragraph 189 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 189 and therefore denies them.

190.    Paragraph 190 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 190 and therefore denies them.

191.    Paragraph 191 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191 and therefore denies them.

192.    Paragraph 192 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192 and therefore denies them.

193.    Paragraph 193 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193 and therefore denies them.

194.    Paragraph 194 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194 and therefore denies them.

195.    Paragraph 195 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 and therefore denies them.

196.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 196 and therefore denies them.

197.    Paragraph 197 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 197 and therefore denies them.

198.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 198 and therefore denies them.

199.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199 and therefore denies them.

200.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200 and therefore denies them.

201.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 201 and therefore denies them.

202.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 202 and therefore denies them.

203.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 203 and therefore denies them.

204.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 204 and therefore denies them.

205.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 205 and therefore denies them.

206.    Paragraph 206 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 206 and therefore denies them.

207.    Paragraph 207 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

208.    Paragraph 208 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208 and therefore denies them.

209.    Paragraph 209 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 209 and therefore denies them.

210.    Paragraph 210 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 210 and therefore denies them.

211.    Paragraph 211 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 211 and therefore denies them.

212.     Paragraph 212 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 212 and therefore denies them.

213.     Paragraph 213 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that some educational institutions can be subject to private lawsuits for violating Title IX. ABB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 213 and therefore denies them.

214.     Paragraph 214 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

215.     Paragraph 215 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

216.     Paragraph 216 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

217.     Paragraph 217 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

218.     Paragraph 218 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

219.     Paragraph 219 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

220.     Paragraph 220 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

27

## CLAIMS FOR RELIEF

## CLAIM 1

221.    ABB's answers to all allegations above are incorporated herein by reference.

222.    ABB admits the allegation in paragraph 222.

223.    Paragraph 223 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

224.    ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 224 and therefore denies them.

225.    Paragraph 225 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

226.    Paragraph 226 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

227.    Paragraph 227 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

228.    Paragraph 228 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

229.    Paragraph 229 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

230.    Paragraph 230 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

231.    Paragraph 231 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

232.    Paragraph 232 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

## CLAIM II

233.    ABB's answers to all allegations above are incorporated herein by reference.

234.    Paragraph 234 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

235.    Paragraph 235 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

236.    Paragraph 236 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

237.    Paragraph 237 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

238.    Paragraph 238 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

239.    Paragraph 239 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

240.    Paragraph 240 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

241.    Paragraph 241 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

242.    Paragraph 242 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

29

243.    Paragraph 243 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

244.    Paragraph 244 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

245.    Paragraph 245 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

## CLAIM III

246.    ABB's answers to all allegations above are incorporated herein by reference.

247.    Paragraph 247 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

248.    Paragraph 248 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

249.    Paragraph 249 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

250.    Paragraph 250 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

251.    Paragraph 251 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

252.    Paragraph 252 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

253.    Paragraph 253 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

254.    Paragraph 254 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

255.    Paragraph 255 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

256.    Paragraph 256 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

257.    Paragraph 257 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

258.    Paragraph 258 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

**CLAIM IV**

259.    ABB's answers to all allegations above are incorporated herein by reference.

260.    Paragraph 260 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

261.    Paragraph 261 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that this case presents an actual controversy. ABB is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 261 and therefore denies them.

262.    Paragraph 262 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

263.    Paragraph 263 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

## AFFIRMATIVE DEFENSES

ABB sets forth below its defenses and affirmative defenses. Each defense and affirmative defense is asserted as to all causes of action. By setting forth these defenses and affirmative defenses, ABB does not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiffs. ABB also reserves the right to allege additional defenses and affirmative defenses as they become known or as they evolve during litigation.

## FIRST DEFENSE
### (Failure to State a Claim)

264.    The Complaint fails to state a claim upon which relief may be granted regarding 34 C.F.R. § 106.40.

## PRAYER FOR RELIEF

Wherefore, Proposed Intervenor A Better Balance respectfully requests that the Court dismiss Plaintiffs' claims with prejudice with respect to 34 C.F.R. § 106.40.

DATED: February 26, 2025

Respectfully submitted,

/s/ *Ned Pillersdorf*
Ned Pillersdorf
Janet Stumbo
Pillersdorf Law Offices
124 West Court Street
Prestonsburg, KY 41653
Phone: (606) 886-6090
pillersn@gmail.com
jstumbo@gmail.com

Matthew Borden*
Kory DeClark *
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808
borden@braunhagey.com
declark@braunhagey.com

Christman Rice*
Marissa Benavides*
Lily (Haeun) Kim*
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403
Facsimile: (415) 276-1808
rice@braunhagey.com
benavides@braunhagey.com
kim@braunhagey.com

Alexandra Z. Brodsky*
Sean Ouellette*
Adele P. Kimmel*
PUBLIC JUSTICE
1620 L Street NW
Suite 630
Washington, DC 20036
Phone: (202) 797-8600
abrodsky@publicjustice.net
souellette@publicjustice.net
akimmel@publicjustice.net

[continued on next page]

Leila Nasrolahi*
PUBLIC JUSTICE
475 14th Street
Unit 610
Oakland, CA 94612
Phone: (510) 622-8250
lnasrolahi@publicjustice.net

*Pro hac vice motions forthcoming*

*Attorneys for Proposed Intervenor-Defendant*