# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### COVINGTON DIVISION

| | |
|---|---|
| **State of Tennessee; Commonwealth of Kentucky; State of Ohio; State of Indiana; Commonwealth of Virginia; and State of West Virginia**, *Plaintiffs,* | |
| *and* | |
| **Christian Educators Association International; A.C., by her next friend and mother, Abigail Cross**, *Intervenor-Plaintiffs,* | |
| v. | 2:24-cv-00072-DCR-CJS |
| **Miguel Cardona, in his official capacity as Secretary of Education; and United States Department of Education,** *Defendants,* | Judge Danny C. Reeves |
| **A Better Balance,** *[Proposed] Intervenor-Defendant,* | |
| *and* | |
| **Victim Rights Law Center and Jane Doe,** *[Proposed] Intervenor-Defendants* | |

## PROPOSED INTERVENOR-DEFENDANTS VICTIM RIGHTS LAW CENTER AND JANE DOE'S ANSWER TO PLAINTIFFS' COMPLAINT

Proposed Intervenor-Defendants Victim Rights Law Center (VRLC) and Jane Doe respectfully file this Answer to Plaintiffs' Complaint, ECF No. 1 ("Complaint").

## ANSWER

1. Paragraph 1 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that Title IX bars discrimination on the basis of sex by schools receiving federal funds. The allegations are otherwise denied.

2. Paragraph 2 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

3. Paragraph 3 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

4. Paragraph 4 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

5. Paragraph 5 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, admit that 20 U.S.C. § 1681(a)(2) is accurately quoted, but aver that it speaks for itself; the allegation is otherwise denied.

2

6. Paragraph 6 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, admit that 20 U.S.C. § 1686 is accurately quoted but aver that the cited statute and Congressional record speak for themselves; the allegation is otherwise denied.

7. Paragraph 7 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, denied, but aver that the cited Congressional record speaks for itself; Plaintiffs' characterizations of it are denied.

8. Paragraph 8 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

9. Paragraph 9 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the United States Department of Education promulgated the final rule entitled Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024) (the "Final Rule"), which took effect on August 1, 2024 and contains

the quoted language. VRLC and Jane Doe otherwise deny the allegations contained in paragraph 9.

10. Paragraph 10 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

11. Paragraph 11 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the Final Rule provides that Title IX protects persons who are "participating or attempting to participate" in a recipient's program or activity. The allegations in paragraph 10 are otherwise denied.

12. Paragraph 12 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore deny them.

13. Paragraph 13 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe lack knowledge and information

sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore deny them.

14. Paragraph 14 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

15. Paragraph 15 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

16. Paragraph 16 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

17. Paragraph 17 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore deny them.

18. Paragraph 18 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegations are denied.

19. Paragraph 19 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore deny them.

20. Paragraph 20 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore deny them.

21. Paragraph 21 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore deny them.

22. Paragraph 22 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegations are denied.

## PARTIES

23. VRLC and Jane Doe admit that Plaintiff the State of Tennessee is a sovereign State. VRLC and Jane Doe otherwise lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 23. The remaining allegations of paragraph 23 contain legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

24. VRLC and Jane Doe admit that Plaintiff the Commonwealth of Kentucky is a sovereign State. VRLC and Jane Doe otherwise lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 24. The remaining allegations of paragraph 24 contain legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

25. VRLC and Jane Doe admit that Plaintiff the State of Indiana is a sovereign State. VRLC and Jane Doe otherwise lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 25. The remaining allegations of paragraph 25 contain legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

26. VRLC and Jane Doe admit that Plaintiff the State of Ohio is a sovereign State. VRLC and Jane Doe otherwise lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 26. The remaining allegations of paragraph 26 contain legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

27. VRLC and Jane Doe admit that Plaintiff the Commonwealth of Virginia is a sovereign State. VRLC and Jane Doe otherwise lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 27. The remaining allegations of paragraph 27 contain legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

28. VRLC and Jane Doe admit that Plaintiff the State of West Virginia is a sovereign State. VRLC and Jane Doe otherwise lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 28. The remaining allegations of paragraph 28 contain legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

29. VRLC and Jane Doe deny the allegations in paragraph 29 to the extent that they suggest the U.S. Department of Education is solely responsible for the

enforcement of Title IX, which is also enforceable through a private right of action. Paragraph 29 is otherwise admitted.

30. VRLC and Jane Doe deny the allegations in paragraph 30. Defendant Miguel Cardona is no longer the U.S. Secretary of Education.

31. VRLC and Jane Doe admit that Plaintiffs refer to Defendants U.S. Department of Education and Miguel Cardona together as the "Department" in their complaint.

## JURISDICTION AND VENUE

32. VRLC and Jane Doe admit the allegations in paragraph 32.

33. VRLC and Jane Doe admit the allegations in paragraph 33.

34. VRLC and Jane Doe admit the allegations in paragraph 34.

35. VRLC and Jane Doe deny the allegations in paragraph 35.

36. VRLC and Jane Doe admit the allegations in paragraph 36.

37. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore deny them.

## FACTUAL ALLEGATIONS

38. Paragraph 38 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

39. Paragraph 39 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

40. Paragraph 40 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

41. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore deny them.

42. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore deny them.

43. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore deny them.

44. VRLC and Jane Doe admit the allegations in paragraph 44.

45. VRLC and Jane Doe admit the allegations in paragraph 45.

46. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, which are vague, and therefore deny them.

47. VRLC and Jane Doe admit the allegations in paragraph 47.

48. VRLC and Jane Doe admit the allegations in paragraph 48.

49. VRLC and Jane Doe admit the allegations in paragraph 49.

50. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and therefore deny them.

51. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and therefore deny them.

52. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and therefore deny them.

53. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 and therefore deny them.

54. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 and therefore deny them.

55. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and therefore deny them.

56. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and therefore deny them.

57. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and therefore deny them.

58. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and therefore deny them.

59. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and therefore deny them.

60. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and therefore deny them.

61. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and therefore deny them.

62. Paragraph 62 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

63. Paragraph 63 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, admit that 20 U.S.C. § 1686 is accurately quoted but deny Plaintiffs' characterization of it and aver that it speaks for itself; the allegation is otherwise denied.

64. Paragraph 64 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

65. Paragraph 65 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

66. Paragraph 66 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

67. Paragraph 67 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

68. Paragraph 68 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that Congress enacted Title IX in part to remedy discrimination against women. The allegation is otherwise denied.

69. Paragraph 69 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and therefore deny them.

70. Paragraph 70 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 and therefore deny them.

71. Paragraph 71 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the referenced 1975 regulations include the quoted language. The allegations are otherwise denied.

72. Paragraph 72 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is

14

deemed required, VRLC and Jane Doe admit that the regulations include the
quoted language. The allegations are otherwise denied.

73. Paragraph 73 contains a legal conclusion to which no response is required.
To the extent a response is deemed required, VRLC and Jane Doe admit that
the regulations include the quoted language. The allegations are otherwise
denied.

74. Paragraph 74 contains assertions of law, conclusory statements, and/or
argument to which no response is required. To the extent a response is
deemed required, VRLC and Jane Doe lack knowledge or information
sufficient to form a belief as to the last parenthetical in the paragraph, which
is vague. The allegations are otherwise admitted.

75. Paragraph 75 contains a legal conclusion to which no response is required.
To the extent a response is deemed required, VRLC and Jane Doe admit that
judicial decisions reflect that one of the reasons Congress enacted Title IX
was to combat discrimination against women in education.

76. Paragraph 76 contains a legal conclusion to which no response is required.
To the extent that a response is deemed required, VRLC and Jane Doe deny
the allegations in paragraph 76.

77. Paragraph 77 contains a legal conclusion to which no response is required.
To the extent that a response is deemed required, VRLC and Jane Doe admit

that the 1997 guidance included the quoted language and did not use the
term "gender identity." The allegations are otherwise denied.

78. VRLC and Jane Doe are without knowledge or information sufficient to
form a belief as to the truth of the allegations contained in paragraph 78 and
therefore deny them.

79. Paragraph 79 contains a legal conclusion to which no response is required.
To the extent a response is deemed required, VRLC and Jane Doe are
without knowledge or information sufficient to form a belief as to the truth
of the allegations contained in paragraph 79, which are vague, and therefore
deny them.

80. VRLC and Jane Doe admit that the 2014 guidance document interpreted
Title IX to prohibit discrimination based on gender identity. The allegations
are otherwise denied.

81. Paragraph 81 contains a legal conclusion to which no response is required.
To the extent a response is deemed required, VRLC and Jane Doe admit that
the 2016 guidance document included the quoted language. The allegations
are otherwise denied.

82. Paragraph 82 contains a legal conclusion to which no response is required.
To the extent a response is deemed required, VRLC and Jane Doe deny as
phrased.

83. VRLC and Jane Doe admit the allegations in paragraph 83.

84. Paragraph 84 contains a legal conclusion to which no response is required. To the extent a response is required, VRLC and Jane Doe admit that in February 2017, President Trump's administration withdrew and rescinded the Obama Department's gender-identity guidance in a Dear Colleague Letter and that the 2017 Dear Colleague Letter made the quoted claims. The allegations are otherwise denied.

85. Paragraph 85 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the Department promulgated the cited amendments to its Title IX regulations in 2020 and made the quoted statements. VRLC and Jane Doe are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 and therefore deny them.

86. Paragraph 86 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the Department made the quoted statements.

87. Paragraph 87 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that

17

the Department made the quoted statements. VRLC and Jane Doe lack

knowledge or information sufficient to form a belief as to the truth of the

allegation that the 2020 Rule "did not amend other regulations

implementing" Title IX and therefore deny it.

88. Paragraph 88 contains a legal conclusion to which no response is required.
To the extent a response is deemed required, the allegation is admitted.

89. Paragraph 89 contains a legal conclusion to which no response is required.
To the extent a response is deemed required, the allegation is admitted.

90. Paragraph 90 contains a legal conclusion to which no response is required.
To the extent a response is deemed required, the allegation is admitted.

91. Paragraph 91 contains a legal conclusion to which no response is required.
To the extent a response is deemed required, deny as phrased.

92. Paragraph 92 contains a legal conclusion to which no response is required.
To the extent a response is deemed required, the allegation is admitted.

93. Paragraph 93 contains a legal conclusion to which no response is required.
To the extent a response is deemed required, the allegation is admitted.

94. Paragraph 94 contains a legal conclusion to which no response is required.
To the extent a response is deemed required, VRLC and Jane Doe admit that
the Supreme Court majority did not discuss Title IX in *Bostock v. Clayton
County*. The allegations are otherwise denied.

18

95. Paragraph 95 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that many courts have concluded that *Bostock*'s reasoning applies to Title IX. The allegations are otherwise denied.

96. Paragraph 96 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the January 2021 memorandum made the quoted claims; otherwise deny.

97. Paragraph 97 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

98. Paragraph 98 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the 2021 executive order included the quoted language. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 98 and therefore deny them.

99. VRLC and Jane Doe admit the allegations in paragraph 99.

100. Paragraph 100 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

101. Paragraph 101 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the Department interpreted Title IX to cover discrimination based on sexual orientation and gender identity and concluded that this interpretation was most consistent with the text and purpose of Title IX. The allegations are otherwise denied.

102. VRLC and Jane Doe admit the allegations in paragraph 102, although it avers that the Office's title is the Office for Civil Rights.

103. Paragraph 103 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103, which are vague, and therefore deny them.

104. Paragraph 104 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

105. Paragraph 105 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

106. Paragraph 106 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe deny the

substance of the claims made by the Court in *Tennessee v. U.S. Department of Education*. The allegation is otherwise admitted.

107. Paragraph 107 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

108. VRLC and Jane Doe admit the U.S. Department of Education proposed amendments to its Title IX regulations in July 2022. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 108 and therefore deny them.

109. Paragraph 109 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

110. Paragraph 110 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

111. Paragraph 111 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

112. Paragraph 112 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

113. Paragraph 113 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are

without knowledge or information sufficient to form a belief as to the truth of the allegations, which are vague, and therefore deny them.

114. Paragraph 114 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

115. Paragraph 115 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

116. Paragraph 116 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

117. VRLC and Jane Doe admit that the Proposed Facilities-and-Programs Rule received more than 200,000 total comments. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 117 and therefore deny them.

118. VRLC and Jane Doe admit that the State of Tennessee and nineteen co-signing States submitted a public comment on the Proposed Facilities-and-Program Rules. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 and therefore deny them.

119. Paragraph 119 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 and therefore deny them.

120. Paragraph 120 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 and therefore deny them.

121. Paragraph 121 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 and therefore deny them.

122. Paragraph 122 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 and therefore deny them.

123. Paragraph 123 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 and therefore deny them.

124. Paragraph 124 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 and therefore deny them.

125. Paragraph 125 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations are denied.

126. VRLC and Jane Doe admit that the U.S. Department of Education proposed a Title IX rule in April 2023 applying the rule at issue here to athletics and that it provided thirty-two days for public comments to be submitted.

127. VRLC and Jane Doe admit the allegations in paragraph 127.

128. Paragraph 128 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe deny that the Department stated that its proposed standard was "rooted in case law interpreting the Equal Protection Clause." The allegations are otherwise admitted.

129. Paragraph 129 contains a legal conclusion to which no response is required. To the extent a response is deemed required, aver that the cited pages from the Federal Register speak for themselves; the allegations are denied.

130. Paragraph 130 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations are admitted.

131. Paragraph 131 contains a legal conclusion to which no response is required. To the extent a response is deemed required, aver that the cited pages from the Federal Register speak for themselves; VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 131 and therefore deny them.

132. VRLC and Jane Doe admit that the State of Tennessee and sixteen other States submitted a public comment on the Proposed Athletics Rule. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 132 and therefore deny them.

133. VRLC and Jane Doe admit that the State of Indiana submitted a public comment on the Proposed Athletics Rule. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 133 and therefore deny them.

134. VRLC and Jane Doe admit that the Proposed Athletics Rule received more than 150,000 total comments. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 134 and therefore deny them.

135. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 and therefore deny them.

136. Paragraph 136 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 136 and therefore deny them.

137. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 and therefore deny them.

138. VRLC and Jane Doe admit that on April 29, 2024, the U.S. Secretary of Education published the final version of the Proposed Facilities-and-Programs Rule. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 138, which are vague, and therefore deny them.

139. Paragraph 139 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

140. Paragraph 140 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegations are admitted except for the final sentence, which is denied except that VRLC and Jane Doe admit that the quote therein from the Federal Register is accurate; aver that it speaks for itself.

141. Paragraph 141 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the first sentence is denied. The allegation is otherwise admitted.

142. Paragraph 142 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

143. Paragraph 143 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied as vague.

144. Paragraph 144 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the first and last sentences are denied. The allegations are otherwise admitted.

145. Paragraph 145 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the Final Rule provides that "requiring a student to submit to

27

invasive medical inquiries or burdensome documentation requirements to participate in a recipient's education program or activity consistent with their gender identity imposes more than de minimis harm. In particular, a recipient may not require a person to provide documentation (such as an amended birth certificate or evidence of medical treatment) to validate their gender identity for purposes of compliance with § 106.31(a)(2) if access to such documentation is prohibited by law in that jurisdiction." The allegation is otherwise denied.

146. Paragraph 146 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

147. Paragraph 147 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

148. Paragraph 148 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

149. Paragraph 149 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

150. Paragraph 150 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

151. Paragraph 151 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

152. Paragraph 152 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

153. Paragraph 153 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

154. Paragraph 154 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore deny them.

155. Paragraph 155 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

156. Paragraph 156 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

157. Paragraph 157 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

158. Paragraph 158 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

159. Paragraph 159 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

160. Paragraph 160 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit the Department concluded that the major questions doctrine did not preclude the Final Rule. VRLC and Jane Doe lack knowledge of information sufficient to form a belief as to the truth of the remaining allegations, which are vague, and therefore deny them.

161. Paragraph 161 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is

denied as to the first sentence, which is vague. The allegations are otherwise admitted.

162. Paragraph 162 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

163. VRLC and Jane Doe admit that the quoted language appears in the Final Rule, except where Plaintiffs alter the Final Rule's language in paragraph 163.

164. Paragraph 164 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

165. Paragraph 165 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied as vague.

166. Paragraph 166 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

167. Paragraph 167 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

168. Paragraph 168 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

169. Paragraph 169 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

170. Paragraph 170 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

171. Paragraph 171 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

172. Paragraph 172 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

173. Paragraph 173 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

174. Paragraph 174 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

175. Paragraph 175 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

176. Paragraph 176 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

177. Paragraph 177 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the Department adopted a definition of sex-based harassment in the Final Rule that is different from the 2020 Rule and that may encompass some conduct the 2020 Rule does not, and deny the remainder of the allegation.

178. Paragraph 178 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the Final Rule does not limit the definition of sex-based harassment to conduct that occurs on school campuses, and deny the remainder of the allegation.

179. Paragraph 179 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

180. Paragraph 180 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

181. Paragraph 181 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

182. Paragraph 182 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

183. Paragraph 183 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

184. Paragraph 184 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

185. VRLC and Jane Doe admit that the Final Rule was promulgated with an effective date of August 1, 2024. VRLC and Jane Doe are without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185 and therefore deny them.

186. Paragraph 186 contains a legal conclusion to which no response is required. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186 and therefore deny them.

187. Paragraph 187 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187 and therefore deny them.

188. Paragraph 188 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188 and therefore deny them.

189. Paragraph 189 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 189 and therefore deny them.

190. Paragraph 190 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe

are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 190 and therefore deny them.

191. Paragraph 191 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191 and therefore deny them.

192. Paragraph 192 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192 and therefore deny them.

193. Paragraph 193 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193 and therefore deny them.

194. Paragraph 194 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194 and therefore deny them.

195. Paragraph 195 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe

are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 and therefore deny them.

196. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 196 and therefore deny them.

197. Paragraph 197 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 197 and therefore deny them.

198. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 198 and therefore deny them.

199. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199 and therefore deny them.

200. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200 and therefore deny them.

201. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 201 and therefore deny them.

202. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 202 and therefore deny them.

203. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 203 and therefore deny them.

204. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 204 and therefore deny them.

205. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 205 and therefore deny them.

206. Paragraph 206 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 206 and therefore deny them.

207. Paragraph 207 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

208. Paragraph 208 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208 and therefore deny them.

209. Paragraph 209 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 209 and therefore deny them.

210. Paragraph 210 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 210 and therefore deny them.

211. Paragraph 211 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 211 and therefore deny them.

212. Paragraph 212 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 212 and therefore deny them.

213. Paragraph 213 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that some educational institutions can be subject to private lawsuits for violating Title IX. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 213 and therefore deny them.

214. Paragraph 214 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 214 and therefore deny them.

215. Paragraph 215 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 215 and therefore deny them.

216. Paragraph 216 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe

are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 216 and therefore deny them.

217. Paragraph 217 contains a legal conclusion to which no response is

required. To the extent a response is deemed required, VRLC and Jane Doe

are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 217 and therefore deny them.

218. Paragraph 218 contains a legal conclusion to which no response is

required. To the extent a response is deemed required, admit that the cases

are accurately quoted, but deny Plaintiffs' characterization of them and aver

that they speak for themselves; and the allegation is otherwise denied.

219. Paragraph 219 contains assertions of law, conclusory statements, and/or

argument to which no response is required. To the extent a response is

deemed required, the allegation is denied.

220. Paragraph 220 contains assertions of law, conclusory statements, and/or

argument to which no response is required. To the extent a response is

deemed required, the allegation is denied.

## CLAIMS FOR RELIEF

## CLAIM 1

221. VRLC and Jane Doe's answers to all allegations above are incorporated

herein by reference.

41

222. VRLC and Jane Doe admit the allegation in paragraph 222.

223. Paragraph 223 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

224. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 224 and therefore deny them.

225. Paragraph 225 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

226. Paragraph 226 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

227. Paragraph 227 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

228. Paragraph 228 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

229. Paragraph 229 contains assertions of law, conclusory statements, and/or arguments to which no response is required. To the extent a response is deemed required, the allegation is denied.

230. Paragraph 230 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

231. Paragraph 231 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

232. Paragraph 232 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

## CLAIM II

233. VRLC and Jane Doe's answers to all allegations above are incorporated herein by reference.

234. Paragraph 234 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

235. Paragraph 235 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

236. Paragraph 236 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

237. Paragraph 237 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

238. Paragraph 238 contains assertions of law, conclusory statements, and/or arguments to which no response is required. To the extent a response is deemed required, the allegation is denied.

239. Paragraph 239 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

240. Paragraph 240 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

241. Paragraph 241 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

242. Paragraph 242 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

243. Paragraph 243 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

244. Paragraph 244 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

245. Paragraph 245 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

## CLAIM III

246. VRLC and Jane Doe's answers to all allegations above are incorporated herein by reference.

247. Paragraph 247 contains a legal conclusion to which no response is required. To the extent a response is deemed required, admit that 5 U.S.C. § 706(2)(A) is accurately quoted; aver that it speaks for itself.

248. Paragraph 248 contains a legal conclusion to which no response is required. To the extent a response is deemed required, admit that the cited case is accurately quoted except where Plaintiffs altered it but deny Plaintiffs' characterization of the cited case and aver that it speaks for itself.

249. Paragraph 249 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

250. Paragraph 250 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

251. Paragraph 251 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

252. Paragraph 252 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

253. Paragraph 253 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

254. Paragraph 254 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

255. Paragraph 255 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

256. Paragraph 256 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

257. Paragraph 257 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

258. Paragraph 258 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

**CLAIM IV**

259. VRLC and Jane Doe's answers to all allegations above are incorporated herein by reference.

260. Paragraph 260 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

261. Paragraph 261 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that this case presents an actual controversy. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 261 and therefore deny them.

262. VRLC and Jane Doe admit that Plaintiff Kentucky resides in this District. The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, admitted that this Court has subject-matter jurisdiction.

263. Paragraph 263 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

## AFFIRMATIVE DEFENSES

VRLC and Jane Doe set forth below their defenses and affirmative defenses. Each defense and affirmative defense is asserted as to all causes of action. By setting forth these defenses and affirmative defenses, VRLC and Jane Doe do not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiffs. VRLC and Jane Doe also reserve the right to allege additional defenses and affirmative defenses as they become known or as they evolve during litigation.

## FIRST DEFENSE

## (Failure to State a Claim)

1.  The Complaint fails to state a claim upon which relief may be granted regarding 34 C.F.R. §§ 106.2, 106.8, 106.11, 106.44, 106.45, and 106.46.

## PRAYER FOR RELIEF

Wherefore, Proposed Intervenors VRLC and Jane Doe respectfully request that the Court dismiss Plaintiffs' claims with prejudice with respect to 34 C.F.R. §§ 106.2, 106.8, 106.11, 106.44, 106.45, and 106.46.

Respectfully submitted,

*/s/ Jack S. Gatlin*
Jack S. Gatlin
Gatlin Voelker PLLC
50 East Rivercenter, Suite 1275

Covington, KY 41011
Telephone: (859) 781-9100
jgatlin@gatlinvoelker.com

Shiwali Patel*
Rachel Smith*
Elizabeth Tang*
Elizabeth Theran*
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
spatel@nwlc.org
rsmith@nwlc.org
etang@nwlc.org
etheran@nwlc.org

Ellen Eardley*
Andrea Forsee*
Mehri & Skalet PLLC
2000 K Street NW, Suite 325
Washington, DC 20006
Telephone: (202) 822-5100
eeardley@findjustice.com
aforsee@findjustice.com

*Pro Hac Vice motions forthcoming