# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### COVINGTON DIVISION

| | |
|---|---|
| **State of Tennessee; Commonwealth of Kentucky; State of Ohio; State of Indiana; Commonwealth of Virginia; and State of West Virginia**, *Plaintiffs,* | |
| *and* | |
| **Christian Educators Association International; A.C., by her next friend and mother, Abigail Cross**, *Intervenor-Plaintiffs,* | |
| v. | 2:24-cv-00072-DCR-CJS |
| | Judge Danny C. Reeves |
| **Miguel Cardona, in his official capacity as Secretary of Education; and United States Department of Education,** *Defendants,* | |
| **A Better Balance,** *[Proposed] Intervenor-Defendant,* | |
| *and* | |
| **Victim Rights Law Center and Jane Doe,** *[Proposed] Intervenor-Defendants* | |

## PROPOSED INTERVENOR-DEFENDANTS VICTIM RIGHTS LAW CENTER AND JANE DOE'S ANSWER TO INTERVENOR-PLAINTIFFS' COMPLAINT

Proposed Intervenor-Defendants Victim Rights Law Center (VRLC) and Jane Doe respectfully file this Answer to Intervenor-Plaintiffs' Complaint, ECF No. 21-3 ("Complaint").

## ANSWER

1. Paragraph 1 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

2. Paragraph 2 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

3. Paragraph 3 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that 28 U.S.C. § 1361 provides generally that federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." VRLC and Jane Doe deny that an injunction is appropriate in this case.

4. Paragraph 4 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the APA waives sovereign immunity and provides the right to judicial review of agency action in appropriate cases. VRLC and Jane Doe deny that Plaintiffs have a valid cause of action under the APA in this case.

5. Paragraph 5 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that this Court has the power to review and enjoin unlawful agency actions. VRLC and Jane Doe deny that an injunction is appropriate in this case.

6. Paragraph 6 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the Declaratory Judgment Act, the APA, and Federal Rule of Civil Procedure 57 authorize federal courts to issue declaratory judgments. VRLC and Jane Doe deny that a declaratory judgment is appropriate in this case.

7. Paragraph 7 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that 28 U.S.C. § 1343 and Federal Rule of Civil Procedure 65 authorize federal courts to issue injunctions. VRLC and Jane Doe deny that an injunction is appropriate in this case.

8. Paragraph 8 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that 28 U.S.C. § 2412 authorize courts to award costs and attorneys' fees in appropriate cases against the United States. VRLC and Jane Doe deny that Intervenor-Plaintiffs should be awarded costs and attorneys' fees in this case.

3

9. VRLC and Jane Doe admit that Plaintiff Kentucky resides in this District. The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore deny them.

## JURISDICTION AND VENUE

10. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore deny them.

11. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore deny them.

12. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore deny them.

13. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore deny them.

14. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore deny them.

**DEFENDANTS**

15. VRLC and Jane Doe deny the allegations contained in paragraph 15 and aver that Miguel Cardona ended his tenure as Secretary of the United States Department of Education. As such, his address is no longer 400 Maryland Avenue, SW, Washington, D.C. 20202.

16. VRLC and Jane Doe deny the allegations contained in paragraph 16. Mr. Cardona is no longer employed at the United States Department of Education.

17. VRLC and Jane Doe admit that Defendant United States Department of Education (Department) is an agency under 5 U.S.C. §§ 551 and 701(b)(1) and that the Department's address is 400 Maryland Avenue SW, Washington, D.C. 20202. VRLC and Jane Doe admit in part and deny in part that the Department implements and enforces Title IX and the rule. The Department implements and enforces rules and regulations with respect to Title IX. Title IX is also enforceable through a private right of action.

**BACKGROUND**

18. VRLC and Jane Doe admit the allegations contained in paragraph 18.

19. VRLC and Jane Doe admit the allegations contained in paragraph 19.

20. Paragraph 20 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is admitted to the extent that Title IX was enacted in part to protect women and girls from sex discrimination. VRLC and Jane Doe otherwise deny paragraph 20 because Title IX protects other people from sex discrimination as well.

21. Paragraph 21 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is admitted to the extent that women have faced discrimination with respect to educational opportunities. VRLC and Jane Doe otherwise deny paragraph 21.

22. VRLC and Jane Doe admit that before 1972, many schools and colleges did not field women's and girls' teams that were comparable to men's and boys' teams—if they had any women's teams at all. VRLC and Jane Doe deny the remainder of the allegations in paragraph 22.

23. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore deny them.

24. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore deny them.

25. VRLC and Jane Doe admit the allegations contained in paragraph 25.

26. Paragraph 26 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit the allegations contained in paragraph 26.

27. Paragraph 27 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit the allegations contained in paragraph 27.

28. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore deny them.

29. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore deny them.

30. VRLC and Jane Doe admit the allegations contained in paragraph 30.

31. VRLC and Jane Doe admit the allegations contained in paragraph 31.

32. VRLC and Jane Doe admit the allegations contained in paragraph 32, although it avers that the Office's title is the Office for Civil Rights.

33. VRLC and Jane Doe admit the allegations contained in paragraph 33, although it avers that the Office's title is the Office for Civil Rights.

34. Paragraph 34 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit the allegations contained in paragraph 34.

35. VRLC and Jane Doe admit the allegations contained in paragraph 35.

36. Paragraph 36 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore deny them.

37. VRLC and Jane Doe deny the allegations in paragraph 37.

38. VRLC and Jane Doe deny the allegations in paragraph 38.

39. Paragraph 39 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore deny them.

40.  Paragraph 40 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

41.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore deny them.

42.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore deny them.

43.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore deny them.

44.  Paragraph 44 contains conclusory statements and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and therefore deny them.

45.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and therefore deny them.

46.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and therefore deny them.

47.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and therefore deny them.

48.  Paragraph 48 contains conclusory statements and/or argument to which no response is required. To the extent a response is deemed required, denied..

49.  Paragraph 49 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 and therefore deny them.

50.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and therefore deny them.

51.  VRLC and Jane Doe are without knowledge or information sufficient to
form a belief as to the truth of the allegations contained in paragraph 51 and
therefore deny them.

52.  VRLC and Jane Doe are without knowledge or information sufficient to
form a belief as to the truth of the allegations contained in paragraph 52 and
therefore deny them.

53.  VRLC and Jane Doe are without knowledge or information sufficient to
form a belief as to the truth of the allegations contained in paragraph 53 and
therefore deny them.

54.  VRLC and Jane Doe are without knowledge or information sufficient to
form a belief as to the truth of the allegations contained in paragraph 54 and
therefore deny them.

55.  VRLC and Jane Doe are without knowledge or information sufficient to
form a belief as to the truth of the allegations contained in paragraph 55 and
therefore deny them.

56.  VRLC and Jane Doe are without knowledge or information sufficient to
form a belief as to the truth of the allegations contained in paragraph 56 and
therefore deny them.

57.  Paragraph 57 contains conclusory statements and/or argument to which no
response is required. To the extent a response is deemed required, VRLC

and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and therefore deny them.

58. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and therefore deny them.

59. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and therefore deny them.

60. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and therefore deny them.

61. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and therefore deny them.

62. Paragraph 62 contains conclusory statements and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 and therefore deny them.

63. VRLC and Jane Doe admit that certain states have passed the statutes cited in paragraph 63. VRLC and Jane Doe are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 and therefore deny them.

64. VRLC and Jane Doe admit that certain states have passed the statutes cited in paragraph 64. VRLC and Jane Doe are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 and therefore deny them.

65. Paragraph 65 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 and therefore deny them.

66. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 and therefore deny them.

67. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and therefore deny them.

68. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 and therefore deny them.

69. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and therefore deny them.

70. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 and therefore deny them.

71. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 and therefore deny them.

72. VRLC and Jane Doe admit the allegations contained in paragraph 72.

73. VRLC and Jane Doe deny the allegations contained in paragraph 73.

74. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 and therefore deny them.

75. VRLC and Jane Doe admit the allegations in paragraph 75.

76. VRLC and Jane Doe admit the allegations in paragraph 76.

77. VRLC and Jane Doe admit the allegations in paragraph 77.

14

78. VRLC and Jane Doe admit that on April 16, 2024, the Fourth Circuit ruled that West Virginia's Act violates Title IX as applied to B.P.J., but denies the remainder of the allegations in paragraph 78.

79. Paragraph 79 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

80. VRLC and Jane Doe admit the allegations in paragraph 80.

81. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 and therefore deny them.

82. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 and therefore deny them.

83. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 and therefore deny them.

84. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 and therefore deny them.

85.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 and therefore deny them.

86.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 and therefore deny them.

87.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 and therefore deny them.

88.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 and therefore deny them.

89.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 and therefore deny them.

90.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 and therefore deny them.

91.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 and therefore deny them.

92.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 and therefore deny them.

93.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 and therefore deny them.

94.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 and therefore deny them.

95.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 and therefore deny them.

96.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 and therefore deny them.

97.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 and therefore deny them.

98.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 and therefore deny them.

99.  VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 and therefore deny them.

100. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 and therefore deny them.

101. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 and therefore deny them.

102. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 and therefore deny them.

103. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 and therefore deny them.

104. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 and therefore deny them.

105. Paragraph 105 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 and therefore deny them.

106. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 and therefore deny them.

107. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 and therefore deny them.

108. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 and therefore deny them.

109. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 and therefore deny them.

110. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 and therefore deny them.

111. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 and therefore deny them.

112. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 and therefore deny them.

113. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 and therefore deny them.

114. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 and therefore deny them.

115. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 and therefore deny them.

116. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 and therefore deny them.

117. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 and therefore deny them.

118. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 and therefore deny them.

119. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 and therefore deny them.

120. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 and therefore deny them.

121. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 and therefore deny them.

122. VRLC and Jane Doe deny the allegations contained in paragraph 122.

123. Paragraph 123 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

124. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 and therefore deny them.

125. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 and therefore deny them.

126. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 and therefore deny them.

127. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 and therefore deny them.

128. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 and therefore deny them.

129. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 and therefore deny them.

130. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 and therefore deny them.

131. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 and therefore deny them.

132. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 and therefore deny them.

133. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 and therefore deny them.

134. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 and therefore deny them.

135. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 and therefore deny them.

136. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 and therefore deny them.

137. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 and therefore deny them.

138. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 and therefore deny them.

139. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 and therefore deny them.

140. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 and therefore deny them.

141. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 and therefore deny them.

142. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 and therefore deny them.

143. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 and therefore deny them.

144. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 and therefore deny them.

145. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 and therefore deny them.

146. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 and therefore deny them.

147. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 and therefore deny them.

148. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 and therefore deny them.

149. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 and therefore deny them.

150. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 and therefore deny them.

151. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 and therefore deny them.

152. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 and therefore deny them.

153. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 and therefore deny them.

154. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154 and therefore deny them.

155. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155 and therefore deny them.

156. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 and therefore deny them.

157. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 and therefore deny them.

158. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 and therefore deny them.

159. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 and therefore deny them.

160. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 and therefore deny them.

161. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 and therefore deny them.

162. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 and therefore deny them.

163. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 and therefore deny them.

164. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 and therefore deny them.

165. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165 and therefore deny them.

166. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166 and therefore deny them.

167. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 and therefore deny them.

168. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168 and therefore deny them.

169. VRLC and Jane Doe deny the allegations in paragraph 169.

170. Paragraph 170 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

171. Paragraph 171 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

172. Paragraph 172 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

173. Paragraph 173 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the Supreme Court stated that "other federal or state laws that prohibit sex discrimination" were not before the Supreme Court in *Bostock v. Clayton County*. The allegations in paragraph 173 are otherwise denied.

174. Paragraph 174 contains a legal conclusion to which no response is required. To the extent a response is deemed required, denied; aver that the dissent quoted and discussed Title IX's text.

175. Paragraph 175 contains a legal conclusion to which no response is required. To the extent a response is deemed required, denied; aver that the *Bostock* dissent addressed the provision of Title IX allowing schools to maintain separate living facilities for the different sexes.

176. VRLC and Jane Doe admit that on his first day in office, President Biden declared that *Bostock*'s analysis applies to all federal laws on sex

discrimination, including Title IX, by prohibiting gender-identity

discrimination "so long as the laws do not contain sufficient indications to

the contrary." Exec. Order No. 13,988, Preventing and Combating

Discrimination on the Basis of Gender Identity or Sexual Orientation, 86

Fed. Reg. 7023 (Jan. 20, 2021). Otherwise deny as argument to which no

response is required.

177. VRLC and Jane Doe admit the allegations contained in paragraph 177.

178. VRLC and Jane Doe admit the allegations contained in paragraph 178.

179. VRLC and Jane Doe admit the allegations contained in paragraph 179.

180. VRLC and Jane Doe admit the allegations contained in paragraph 180.

181. VRLC and Jane Doe admit the allegations in paragraph 181.

182. VRLC and Jane Doe admit the allegations in paragraph 182.

183. VRLC and Jane Doe admit the allegations in paragraph 183.

184. VRLC and Jane Doe admit the allegations in paragraph 184.

185. Paragraph 185 contains a legal conclusion to which no response is

required. To the extent a response is deemed required, the allegations are

admitted.

186. VRLC and Jane Doe admit the allegations contained in paragraph 186.

187. VRLC and Jane Doe admit the allegations contained in paragraph 187.

188. VRLC and Jane Doe admit the allegations contained in paragraph 188.

189. Paragraph 189 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied to the extent that it states that the Department of Education relied solely on *Bostock*.

190. Paragraph 190 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased as it is vague.

191. Paragraph 191 contains a legal conclusion to which no response is required. To the extent a response is deemed required, admit that the 2022 NPRM, 87 Fed. Reg. at 41,390, is accurately quoted; aver that it speaks for itself.

192. Paragraph 192 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that the final rule contains the quoted language. VRLC and Jane Doe otherwise deny the allegations in paragraph 192.

193. Paragraph 193 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

194. Paragraph 194 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe

admit that this paragraph accurately quotes from the Federal Register; aver that it speaks for itself.

195. Paragraph 195 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

196. Paragraph 196 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

197. Paragraph 197 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

198. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 198 and therefore deny them.

199. VRLC and Jane Doe admit the allegations contained in paragraph 199.

200. VRLC and Jane Doe admit the allegations contained in paragraph 200.

201. VRLC and Jane Doe deny the allegations in paragraph 201 as phrased.

202. Paragraph 202 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

203. Paragraph 203 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as stated.

204. Paragraph 204 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

205. Paragraph 205 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of paragraph 205 because it is vague, but admit that 34 C.F.R. § 106.41(a) is accurately quoted; aver that it speaks for itself.

206. Paragraph 206 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

207. VRLC and Jane Doe deny the allegations in paragraph 207 as phrased.

208. Paragraph 208 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or sufficient information to form a belief as to the allegations in paragraph 208 and therefore deny them, but admit that 89 Fed. Reg. at 33,824 is accurately quoted; aver that it speaks for itself.

209. Paragraph 209 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or sufficient information to form a belief as to the allegations in paragraph 209 and therefore deny them.

210. Paragraph 210 contains a legal conclusion to which no response is required. To the extent a response is deemed required, admit that 89 Fed. Reg. at 33,491 is accurately quoted; aver that it speaks for itself.

211. Paragraph 211 contains a legal conclusion to which no response is required. To the extent a response is deemed required, admitted.

212. Paragraph 212 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

213. Paragraph 213 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

214. Paragraph 214 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as stated.

215. Paragraph 215 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

216. Paragraph 216 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

217. Paragraph 217 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

218. Paragraph 218 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased. It purports to characterize 89 Fed. Reg. 33,884, which speaks for itself.

219. Paragraph 219 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

220. Paragraph 220 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

221. Paragraph 221 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

222. Paragraph 222 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

223. Paragraph 223 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

224. Paragraph 224 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 224 and therefore deny them.

225. Paragraph 225 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegations are denied.

226. Paragraph 226 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is

denied as phrased Intervenor-Plaintiffs' characterization of the cited laws, which speak for themselves.

227. Paragraph 227 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

228. Paragraph 228 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, deny Intervenor-Plaintiffs' characterization of the cited laws, which speak for themselves.

229. Paragraph 229 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased; aver that the cited laws and documents speak for themselves.

230. Paragraph 230 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

231. Paragraph 231 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

232. VRLC and Jane Doe admit that the rules at issue were scheduled to take effect on August 1, 2024. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 232 and therefore deny them.

233. Paragraph 233 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

234. Paragraph 234 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

235. Paragraph 235 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

236. Paragraph 236 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe admit that Tennessee passed Tenn. Code Ann. § 49-2-805. The allegations in paragraph 236 are otherwise denied.

237. Paragraph 237 contains a legal conclusion to which no response is required. To the extent a response is deemed required, admit that Kentucky passed the cited law.

238. Paragraph 238 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238 and therefore deny them.

239. Paragraph 239 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

240. Paragraph 240 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

241. Paragraph 241 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

242. Paragraph 242 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

243. Paragraph 243 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

244. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 244 and therefore deny them.

245. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 245 and therefore deny them.

246. VRLC and Jane Doe deny the allegations in paragraph 246.

247. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 247 and therefore deny them.

248. Paragraph 248 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

249. Paragraph 249 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

250. Paragraph 250 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

251. Paragraph 251 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

252. VRLC and Jane Doe deny the allegations contained in paragraph 252.

253. VRLC and Jane Doe deny the allegations contained in paragraph 253.

254. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 254 and therefore deny them.

255. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 255 and therefore deny them.

256. Paragraph 256 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

257. Paragraph 257 contains a legal conclusion to which no response is required. To the extent a response is deemed required, admit that Tennessee and Kentucky passed the cited laws but otherwise deny as phrased.

258. Paragraph 258 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

259. Paragraph 259 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

260. Paragraph 260 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied as stated.

261. Paragraph 261 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 261 and therefore deny them.

262. Paragraph 262 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 262 and therefore deny them.

263. Paragraph 263 contains a legal conclusion to which no response is required. To the extent a response is required, VRLC and Jane Doe deny the allegations in paragraph 263 as phrased.

264. Paragraph 264 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe

are without knowledge or information sufficient to form a belief as to the truth of the allegations in 264 because they are vague.

265. Paragraph 265 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 265 and therefore deny them.

266. Paragraph 266 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 266 and therefore deny them.

267. Paragraph 267 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 267 and therefore deny them.

268. Paragraph 268 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

269. Paragraph 269 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

270. Paragraph 270 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 270 because they are vague.

271. Paragraph 271 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 271 and therefore deny them.

272. Paragraph 272 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 272 and therefore deny them.

273. Paragraph 273 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 273 and therefore deny them.

274. Paragraph 274 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 274 and therefore deny them.

275. Paragraph 275 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 275 and therefore deny them.

276. Paragraph 276 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 276 and therefore deny them.

277. Paragraph 277 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 277 and therefore deny them.

278. Paragraph 278 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased; aver that the cited portion of the Federal Register speaks for itself.

279. Paragraph 279 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 279 and therefore deny them.

280. VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 280 and therefore deny them.

281. Paragraph 281 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 281 and therefore deny them.

282. Paragraph 282 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282 because they are vague.

283. Paragraph 283 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 283 and therefore deny them because they are vague.

284. Paragraph 284 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied because it is vague.

285. Paragraph 285 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 285 and therefore deny them.

286. Paragraph 286 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is required, VRLC and Jane Doe deny the allegations in paragraph 286.

287. Paragraph 287 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 287 and therefore deny them.

288. Paragraph 288 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is required, VRLC and Jane Doe deny the allegations in paragraph 288.

289. Paragraph 289 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is required, VRLC and Jane Doe deny the allegations in paragraph 289.

290. Paragraph 290 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is required, VRLC and Jane Doe deny the allegations in paragraph 290.

291. Paragraph 291 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 291 and therefore deny them.

292. Paragraph 292 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 292 and therefore deny them.

## CLAIM 1

293. VRLC and Jane Doe incorporate by reference their answer to all other paragraphs.

294. VRLC and Jane Doe admit the allegations in paragraph 294.

295. Paragraph 295 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased; aver that the cited statute speaks for itself.

296. Paragraph 296 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

297. Paragraph 297 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

298. Paragraph 298 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

299. Paragraph 299 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

300. Paragraph 300 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

301. Paragraph 301 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

302. Paragraph 302 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

303. Paragraph 303 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

304. Paragraph 304 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

305. Paragraph 305 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

306. Paragraph 306 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

307. Paragraph 307 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

308. Paragraph 308 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

309. Paragraph 309 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

310. Paragraph 310 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

311. Paragraph 311 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

312. Paragraph 312 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegations are denied.

313. Paragraph 313 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

314. Paragraph 314 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

315. Paragraph 315 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

316. Paragraph 316 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

317. Paragraph 317 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

318. Paragraph 318 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

319. Paragraph 319 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

320. Paragraph 320 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

321. Paragraph 321 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

322. Paragraph 322 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

323. Paragraph 323 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

324. Paragraph 324 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

**CLAIM II**

325. VLRC and Jane Doe incorporate by reference their answer to all other paragraphs.

326. VRLC and Jane Doe admit the allegations in paragraph 326.

327. Paragraph 327 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased; aver that the cited statute speaks for itself.

328. Paragraph 328 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

329. Paragraph 329 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

330. Paragraph 330 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted to the extent that the First Amendment protects certain speech on matters of public concern by individuals who are educators. The allegations contained in paragraph 330 are otherwise denied.

331. Paragraph 331 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

332. Paragraph 332 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

333. Paragraph 333 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

334. Paragraph 334 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 334 and therefore deny them.

335. Paragraph 335 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

336. Paragraph 336 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 336 and therefore deny them.

337. Paragraph 337 contains a legal conclusion to which no response is required. To the extent a response is deemed required, VRLC and Jane Doe are without knowledge or information sufficient to form a belief in the truth of the allegations of paragraph 337 because it is vague.

338. Paragraph 338 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

339. Paragraph 339 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

340. Paragraph 340 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

341. Paragraph 341 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

342. Paragraph 342 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

## CLAIM III

343.VRLC and Jane Doe incorporate by reference their answer to all other paragraphs.

344. Paragraph 344 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased; aver that the cited statute speaks for itself.

345. Paragraph 345 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

346. Paragraph 346 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied as phrased.

347. Paragraph 347 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

348. Paragraph 348 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

349. Paragraph 349 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

350. Paragraph 350 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

351. Paragraph 351 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

352. Paragraph 352 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

353. Paragraph 353 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

354. Paragraph 354 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

355. Paragraph 355 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

356. Paragraph 356 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

357. Paragraph 357 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

358. Paragraph 358 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

359. Paragraph 359 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

360. Paragraph 360 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

361. Paragraph 361 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

362. Paragraph 362 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed required, the allegation is denied.

## AFFIRMATIVE DEFENSES

VRLC and Jane Doe set forth below their defenses and affirmative defenses. Each defense and affirmative defense is asserted as to all causes of action. By setting forth these defenses and affirmative defenses, VRLC and Jane Doe do not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Intervenor-Plaintiffs. VRLC and Jane Doe also reserve the right to allege additional defenses and affirmative defenses as they become known or as they evolve during litigation.

## FIRST DEFENSE

## (Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief may be granted regarding 34 C.F.R. §§ 106.2, 106.8, 106.11, 106.44, 106.45, and 106.46.

## PRAYER FOR RELIEF

Wherefore, Proposed Intervenor-Defendants VRLC and Jane Doe respectfully request that the Court dismiss Intervenor-Plaintiffs' claims with prejudice with respect to 34 C.F.R. §§ 106.2, 106.8, 106.11, 106.44, 106.45, and 106.46.

Respectfully submitted,

*/s/ Jack S. Gatlin*
Jack S. Gatlin
Gatlin Voelker PLLC
50 East Rivercenter, Suite 1275
Covington, KY 41011
Telephone: (859) 781-9100
jgatlin@gatlinvoelker.com

Shiwali Patel*
Rachel Smith*
Elizabeth Tang*
Elizabeth Theran*
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
spatel@nwlc.org
rsmith@nwlc.org
etang@nwlc.org
etheran@nwlc.org

Ellen Eardley*
Andrea Forsee*
Mehri & Skalet PLLC
2000 K Street NW, Suite 325
Washington, DC 20006
Telephone: (202) 822-5100
eeardley@findjustice.com
aforsee@findjustice.com

*Pro Hac Vice motions forthcoming