IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| STATE OF TENNESSEE, et al.,<br><br>　　　Plaintiffs,<br><br>　and<br><br>CHRISTIAN EDUCATORS ASSOCIATION INTERNATIONAL, et al.,<br><br>　　　Plaintiffs-Intervenors,<br><br>　v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of Education, et al.,<br><br>　　　Defendants,<br><br>　and<br><br>A BETTER BALANCE,<br><br>　[Proposed] Intervenor-Defendant. | Case No. 2:24-072-DCR |

**PROPOSED INTERVENOR-DEFENDANT A BETTER BALANCES'S EMERGENCY MOTION FOR EXPEDITED RESOLUTION OF ITS MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

Proposed Intervenor-Defendant A Better Balance ("ABB") respectfully requests that the Court issue a ruling on ABB's motion for extension of time to file notice of appeal (ECF No. 153) no later than 6:00 pm on March 10, 2025, the operative deadline to file a notice of appeal. Emergent relief is necessary because absent a ruling, the deadline to appeal will pass. If the Court lacks sufficient time to evaluate the motion to extend the time to appeal, ABB respectfully asks that the Court extend the deadline to appeal until such time as it resolves the motion to extend time.

**BACKGROUND**

On February 26, 2025, ABB filed a motion to intervene in this action to appeal this Court's Order vacating the U.S. Department of Education's 2024 Title IX Rule. Mot. Intervene, ECF No. 152. ABB's motion to intervene was timely filed before the deadline to notice an appeal, March 10, 2025, and soon after learning that the Defendants may no longer represent their interests. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 396 (1977); Mem. Supp. Mot. Intervene at 8-10, ECF No. 152-1. But "a timely post-judgment motion to intervene may not always be resolved before a notice of appeal is due." *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012). Accordingly, following the Sixth Circuit's guidance to post-judgment intervenors, *see id.*, ABB concurrently filed a motion to extend the time to notice an appeal by thirty days and requested that the Court resolve the motion to intervene by two business days before that deadline to allow ABB time to appeal. Mot. Extend, ECF No. 153. ABB also requested that, if the Court denies the motion for an extension, the Court rule on its motion to intervene by March 6, 2025, two business days before the current deadline for a notice of appeal. *Id.* at 5.

Plaintiffs filed a consolidated opposition to the motions on March 6, 2025. Pls.' Opp., ECF No. 175. Defendants and Plaintiff-Intervenors filed separate oppositions to ABB's motion for extension of time on March 6 and 7, 2025, respectively. Defs.' Opp., ECF No. 176; Pl. Intervenors' Opp., ECF No. 178. ABB intends to file its reply by March 21, 2025. As of March 7, 2025—one business day before the current deadline for a notice of appeal—the Court has not ruled on ABB's motion to extend deadline to notice an appeal. The Court also has not yet ruled on ABB's motion to intervene.

**ARGUMENT**

"The Court has the authority to expedite consideration of [a motion] pursuant to Federal Rule of Civil Procedure 6(c)(1)(c) and 28 U.S.C. § 1657." *Malam v. Adducci*, No. 20-10829, 2020

2

WL 12739428, at *1 (E.D. Mich. Apr. 3, 2020). The Court may do so wherever good cause exists. *See* 28 U.S.C. § 1657; Fed. R. Civ. P. 6(c)(1)(c). Good cause exists to warrant expedited consideration of ABB's motion to extend the deadline to file a notice of appeal while the Court considers ABB's motion to intervene for that purpose. The deadline to notice an appeal, currently set for March 10, 2025, threatens to impair ABB's ability to preserve its interests through appeal. If the Court does not move that deadline or rule on ABB's motion to intervene by that date, ABB will have lost its chance to appeal, regardless of whether the Court later permits it to intervene.

The Sixth Circuit has endorsed a Seventh Circuit opinion that advises what a putative intervenor should do in these circumstances. *See Taylor*, 680 F.3d at 616-17 (discussing *Roe v. Town of Highland*, 909 F.2d 1097 (7th Cir. 1990)). First, a putative intervenor "can file an emergency motion with the district court detailing the need for a ruling so that a timely appeal may be taken," and "the district court may [also] enlarge the time for filing an appeal." *Id.* (quoting *Roe*, 909 F.2d at 1099). If, then, "the motion to intervene has not been acted up on within the time to appeal, the putative [intervenor] should nonetheless file a timely notice of appeal." *Roe*, 909 F.2d at 1099-1100. That notice of appeal will deprive the district court of jurisdiction to rule on the motion to intervene. *Taylor*, 680 F.3d at 617; *Roe*, 909 F.2d at 1100. But the appeals court may then "remand the matter back to the district court to address the motion." *Taylor*, 680 F.3d at 617 & n.12 (citing *Roe*, 909 F.2d at 1099-1110).

ABB does not want to disrupt and delay this Court's consideration of its pending motion to intervene by filing a premature notice of appeal. However, if the Court has not granted the motion to extend or motion to intervene by the current deadline for the notice, ABB will need to file that notice to preserve its rights.

Moreover, Plaintiffs', Plaintiff-Intervenors', and Defendants' oppositions to ABB's extension request, filed yesterday and today, confirm that the extension is warranted. Plaintiffs

3

argue that ABB is not "a party" and so cannot be entitled to an extension of time to appeal under Federal Rule of Appellate Procedure 4(a). *See* Pls.' Opp. at 21, ECF No. 175. But an extension motion like ABB's is not dependent on the merits of its motion to intervene. The Sixth Circuit has instructed that a court may extend the deadline to appeal to give itself time to consider a motion to intervene. *See Taylor*, 680 F.3d at 616-17; *see also CE Design, Ltd. v. Cy's Crab House N., Inc.*, 731 F.3d 725, 728–29 (7th Cir. 2013) (same); *Roe*, 909 F.2d at 1099 (same). So, a court may grant a putative intervenor's extension motion before it has determined whether he should be allowed to join the case. And Plaintiffs' position has been squarely rejected by other appellate courts. *See, e.g.*, *Evans v. Synopsys, Inc.*, 34 F.4th 762, 772 (9th Cir. 2022) ("We see no reason why 'party' in Rule 4(a)(5) should be interpreted to exclude prospective intervenors who are seeking to become parties"); *Thurman v. Fed. Deposit Ins. Corp.*, 889 F.2d 1441, 1444-48 (5th Cir. 1989) (same).

For their part, Defendants and the Plaintiff-Intervenors assert without argument that the Court should deny ABB's extension request because, in their view, ABB's motion to intervene should also be denied. *See* Defs.' Opp. at 7, ECF No. 176; Pl. Intervenors' Opp. at 7, ECF No. 178. As explained, however, the Sixth Circuit has made clear that the Court can grant ABB's extension motion even if ultimately concludes ABB is not entitled to intervene. *See Taylor*, 680 F.3d at 616-17.

## CONCLUSION

For these reasons, ABB respectfully requests that the Court resolve its motion to extend the time for notice of appeal on or before March 10, 2025, at 6:00 pm.

DATED: March 7, 2025    Respectfully submitted,

/s/ *Ned Pillersdorf*
Ned Pillersdorf
Janet Stumbo
Pillersdorf Law Offices
124 West Court Street
Prestonsburg, KY 41653
Phone: (606) 886-6090
pillersn@gmail.com
jstumbo@gmail.com

Matthew Borden*
Kory DeClark *
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Phone: (415) 599-0210
borden@braunhagey.com
declark@braunhagey.com

Christman Rice*
Marissa Benavides*
Lily (Haeun) Kim*
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Phone: (646) 829-9403
rice@braunhagey.com
benavides@braunhagey.com
kim@braunhagey.com

Alexandra Z. Brodsky*
Sean Ouellette*
Adele P. Kimmel*
PUBLIC JUSTICE
1620 L Street NW
Suite 630
Washington, DC 20036
Phone: (202) 797-8600
abrodsky@publicjustice.net
souellette@publicjustice.net
akimmel@publicjustice.net

[continued on next page]

5

Leila Nasrolahi*
PUBLIC JUSTICE
475 14th Street
Unit 610
Oakland, CA 94612
Phone: (510) 622-8250
lnasrolahi@publicjustice.net

*Pro hac vice motions pending*

*Attorneys for Proposed Intervenor-Defendant*

## CERTIFICATE OF SERVICE

I certify that on March 7, 2025, the above document was filed with the CM/ECF filing system, which electronically serves a copy to all counsel of record.

DATED: March 7, 2025                                     /s/ *Ned Pillersdorf*
                                                        Ned Pillersdorf