UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CIVIL ACTION NO. 2:24-cv-00072-DCR

STATE OF TENNESSEE, et al.,                                         PLAINTIFFS,

v.

LINDA McMAHON, in her Official Capacity as
Secretary of Education, et al.,                                     DEFENDANTS.

---

CLERK'S TAXATION OF COSTS

---

This matter is before the Clerk of Court pursuant to a Bill of Costs [Record #189] tendered by Intervenor-Plaintiffs, Christian Educators Association International and A.C., by her next friend and mother, Abigail Cross, seeking taxation of costs in the total sum of $941.36. For the reasons described below, the Bill of Costs is **GRANTED IN PART** and **DENIED IN PART**.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs should be allowed to the prevailing party unless otherwise provided by a federal statute, the federal civil rules, or order of the court.

In addition, 28 U.S.C. § 1920 provides statutory guidance for taxing costs as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;

1

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Clerk may tax as costs only those items allowed under the relevant statute.

I. ***Pro Hac Vice* and Certificate of Good Standing Fees**

Traditionally, items that would be viewed as overhead or other incidental expenses would not be taxable as costs. *Pro hac vice* fees and fees for procuring Certificates of Good Standing are more akin to general overhead expenses—the cost of practicing law—than costs related to the litigation itself. Accordingly, the $566.69 sought for *pro hac vice* and Certificate of Good Standing fees is denied.

II. **Service Fees**

The Bill of Costs seeks the sum of $181.05 for service of summons and the complaint. Those costs are documented by receipts from Karen's Hallmark and the U. S. Postal Service dated May 3, 2024, identifying the costs attributable to several individual pieces of mail. [Record #189-3, Page ID #6181-6183] Because "[a]n ordinary reading of § 1920(1) establishes that fees for service of summons and subpoena are only taxable when they are initially paid to one of two specified officers of the court: the clerk or the marshal[,]" the requested sum of $181.05 is, therefore, denied. *Phoenix Versailles*

*Industrial Investors, LLC v. Bourbon Pallet Dreams, LLC, et al.,* No. 5:23-cv-00196-DCR, 2024 WL 476861, at *3 (E.D. Ky. Feb. 7, 2024).

### III.     Transcript Fees

Finally, the Bill seeks the sum of $193.62 for fees associated with procuring a transcript. Transcript fees are allowed pursuant to 28 U.S.C. § 1920(2). The supporting documentation includes an itemized court reporter invoice in the amount of $133.00 [Record #189-3, Page ID #6184] which is granted in its entirety. The remaining sum of $60.62 associated with UPS shipping charges is denied as it does not fall within the scope contemplated by 28 U.S.C. § 1920(2).

**NOW, THEREFORE,** based upon the foregoing, the Clerk of Court taxes costs in favor of the requesting Intervenor-Plaintiffs as follows:

| | |
|---|---|
| Fees of the Clerk…………………………….. | 0.00 |
| Fees for service of summons………………… | 0.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case…………………………….………… | 133.00 |
| **TOTAL COSTS TAXED AND INCLUDED IN THE JUDGMENT……..……………………..** | **$133.00** |

So taxed by the Clerk and included in the judgment on this 1st day of May, 2025.

s/Robert R. Carr  
ROBERT R. CARR, CLERK  
UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF KENTUCKY
